.

# NOTICE OF REMOVAL
# EXHIBIT A

## AFFIDAVIT OF SERVICE

**State of Florida**                    **County of Seminole**                    **Circuit Court**

Case Number: 12-CA-2139-08-L

PSV2012004226

Plaintiff:
**KAREN D. GEHL**

vs.

Defendants:
**BRAND TRUCKING, LTD. , a For Profit Business Corporation and WARREN
W. LYMAN, Individually**

For:
W. Doug Martin
Dellecker Wilson King McKenna & Ruffier, L.L.P.
719 Vassar Street
Orlando, FL 32804

Received by ProServe USA on the 27th day of April, 2012 at 2:28 pm to be served on Warren W. Lyman, 14355 27th St.
SE, Ayr, Cass County, ND 58007.

I, Jon Hennings, being duly sworn, depose and say that on the 9th day of May, 2012 at 8:36 pm, I:

SUBSTITUTE served by delivering a true copy of the 20-Day Summons and Complaint with the date and hour of service
endorsed thereon by me, to: Eileen Lyman as Wife at the address of: 14355 27th St. SE, Ayr, Cass County, ND 58007, the
within named person's usual place of Abode, who resides therein, who is fifteen (15) years of age or older and informed said
person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 64, Sex: F, Race/Skin Color: White, Height: 5'2", Weight: 165, Hair: Brown,
Glasses: -

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the
judicial circuit in which the process was served.

State of North Dakota
County of Cass

Subscribed and Sworn to before me on the 16th day of
May, 2012 by the affiant who is personally known to me.

NOTARY PUBLIC

Jon Hennings
#546

ProServe USA
601 North Magnolia Avenue
Orlando, FL 32801
(407) 872-0707

DIANA M CARLSRUD
Notary Public
State of North Dakota
My Commission Expires Dec. 27, 2017

Our Job Serial Number: PSV-2012004226

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5k

# AFFIDAVIT OF SERVICE

**State of Florida**        **County of Seminole**        **Circuit Court**

Case Number: 12-CA-2139-08-L



PSV2012004227

Plaintiff:
**KAREN D. GEHL**

vs.

Defendants:
**BRAND TRUCKING, LTD. , a For Profit Business Corporation and WARREN
W. LYMAN, individually**

For
W. Doug Martin
DeHecker Wilson King McKenna & Ruffier, L.L.P.
719 Vassar Street
Orlando, FL 32804

Received by ProServe USA on the 27th day of April, 2012 at 2.26 pm to be served on Brand Trucking LTD c/o Bruce
Brand, as Registered Agent, 5617 19th Ave. N., Fargo, Cass County, ND 58102

I, Jon Hennings, being duly sworn, depose and say that on the 1st day of May, 2012 at 10:17 am, I:

served a _LLC/LP/ETC._ by delivering a true copy of the 20-Day Summons and Complaint with the date and hour of
service endorsed thereon by me, to: Luke Brand as Shop Manager, authorized to accept service in absence of the
Registered Agent at the address of: 5617 19th Ave. N., Fargo, Cass County, ND 58102 on behalf of Brand Trucking LTD,
and informed said person of the contents therein, in compliance with state statutes.

I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the
judicial circuit in which the process was served

State of North Dakota
County of Cass

Subscribed and Sworn to before me on the 8th day of May,
2012 by the affiant who is personally known to me.

NOTARY PUBLIC

DIANA M CARLSRUD
Notary Public
State of North Dakota
My Commission Expires Dec. 27, 2017

Jon Hennings
Process Server

ProServe USA
501 North Magnolia Avenue
Orlando, FL 32801
(407) 872-0707

Our Job Serial Number: PSV-2012004227

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5k

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR
SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL,

        Plaintiff,

vs.                                  CASE NO: 12CA2139-08L

BRAND TRUCKING, LTD.,
A For Profit Business Corporation, and
WARREN W. LYMAN, individually,

        Defendants.

_____/

### AFFIDAVIT OF BRUCE BRAND

BEFORE ME, the undersigned authority, personally appeared BRUCE BRAND, who first being duly sworn, deposes and says as follows:

1.    My name is Bruce Brand.  I am more than 18 years of age and have personal knowledge of the matters set forth herein.  I have been the Registered Agent for service of process on Brand Trucking, Ltd. under North Dakota Law since before May, 2012.

2.    On May 1, 2012, I was served with the attached papers as registered agent for Brand Trucking, Ltd.  A true, correct, and complete copy of the papers with which I was served is attached hereto as Exhibit "A."

3.    None of the papers with which I was served contained any notation of the time of service or identity of the process server.

1

4.    The document entitled "Complaint" served with the Summons consisted of only three pages and contained only 1 count against Warren Lyman and no claims against Brand Trucking, Ltd.

5.    No additional papers have been served on Brand Trucking, Ltd. in this matter.

FURTHER AFFIANT SAYETH NAUGHT

By: ~~Bruce Brand~~

BRUCE BRAND

STATE OF NORTH DAKOTA    )
                                                   )
COUNTY OF CASS               )

I HEREBY CERTIFY that on this day, BEFORE ME, the undersigned authority, an officer duly authorized in the State and in the County aforesaid to take acknowledgements, personally appeared ___Bruce Brand___, this day, who executed the foregoing instrument and acknowledged to and before me that he or she executed the same for the purposes therein expressed.

WITNESS my hand and seal in the County and State last aforesaid this _12th_ day of ___December___, 2012.

___Lisa M. Artz___
(Signature of Notary Public, State of Florida)

LISA M. ARTZ
(Print,Type or Stamp Commissioned Name of Notary Public)
State of North Dakota
My Commission Expires Oct. 29, 2013

Personally Known _X_ OR Produced Identification _____

Type of Identification Produced: _____

2

# AFFIDAVIT OF BRUCE BRAND
# EXHIBIT A

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO

12CA2139-08-L

KAREN D. GEIHL,

   Plaintiff,

-vs-

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

   Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the *Complaint,
Request for Admissions, Interrogatories* and *Request to Produce* in this action on Defendant

   **Brand Trucking LTD**
   **c/o Registered Agent**
   **BRUCE BRAND**
   **5617 19TH AVE N**
   **FARGO, ND 58102-6918**

   Each Defendant is hereby required to serve written defenses to the Complaint on W. Doug
Martin, Florida Bar Number 0024248, the Plaintiff's attorney, whose address is 719 Vassar Street,
Orlando, Florida 32804 (407) 244-3000 within twenty (20) days after service of this Summons on
that Defendant, exclusive of the date of service, and to file the original of the defenses with the
Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a
Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in
the Complaint or Petition.

   **IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS
ACCOMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE
ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE.
PLEASE CONTACT COURT ADMINISTRATION:**

NCA

COURT ADMINISTRATION AT THE SEMINOLE CIVIL COURTHOUSE, 301 N. PARK AVENUE, SUITE 301, SANFORD, FL 32771-1292, (407)655-4227 WITHIN 2 WORKING DAYS OF YOUR RECEIPT OF THIS NOTICE. IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 1-800-955-8771 or 711.

DATED on this 25th day of April, 2012.

MARYANNE MORSE, CLERK
CLERK OF THE COURT

BY: _____
As Deputy Clerk

(COURT SEAL)

DELLECKER WILSON KING McKENNA
RUFFIER & SOS, A Limited Liability Partnership
W. Doug Martin
Florida Bar No. 0024248
Robert H. Dellecker
Florida Bar No. 0379581
719 Vassar Street
Orlando, Florida 32804
407/244-3000
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO.

*12CA.2139.0PG*

KAREN D. GEHL,

    Plaintiff,

-vs-

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually

    Defendants.

_____/

## COMPLAINT

Plaintiff, KAREN D. GEHL, sues Defendants, BRAND TRUCKING, LTD., a For

Profit Business Corporation, and WARREN W. LYMAN, individually, and alleges:

    1.    This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars.

    2.    At all times relevant hereto, Defendant, WARREN W. LYMAN, individually,

(hereinafter referred to as "LYMAN") was the operator of a 2004 International

commercial/transport truck in Seminole County, Florida with a North Dakota State license plate

#45933, VIN 1FUJBBAVX4LM93753, hereinafter referred to as the "SUBJECT TRACTOR".

    3.    At all times relevant hereto, Defendant LYMAN was in the business of transporting

goods using the SUBJECT TRACTOR.

    4.    At all times relevant hereto, Defendant, BRAND TRUCKING, LTD. (hereinafter

referred to as "BRAND") was/is a For Profit Business Corporation engaged in the business of

transporting goods throughout the State of Florida with its principal place of business located at

5617 19TH Avenue N, Fargo, North Dakota 58102, and whose registered agent is Bruce Brand.

5.    At all times relevant hereto, Defendant LYMAN was an employee, agent or apparent agent of Defendant BRAND.

6.    At all times relevant hereto, SUBJECT TRACTOR was owned by Defendant BRAND.

7.    At all times relevant hereto, SUBJECT TRACTOR was leased by Defendant BRAND.

8.    At all times relevant hereto, Defendant LYMAN had a duty to use reasonable care in the operation of the SUBJECT TRACTOR.

9.    At all times relevant hereto, Defendant BRAND had a duty to use reasonable care in the hiring and/or retention of its driving personnel, including Defendant LYMAN.

10.    At all times relevant hereto, Defendant BRAND had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to driving personnel, including Defendant LYMAN.

11.    On or about February 24, 2009, at approximately 7:16 am, Defendant LYMAN was operating the SUBJECT TRACTOR in the westbound center lane of Interstate 4 and SR 434, Seminole County, Florida. At that time and place, Defendant LYMAN was using the SUBJECT TRACTOR with the express or implied consent of the Defendant BRAND.

12.    On or about February 24, 2009, at approximately 7:16 am, Plaintiff KAREN D. GEHL (hereinafter referred to as "GEHL") was the driver of a 1996 Chrysler Sebring (hereinafter referred to as the "SEBRING") that was travelling westbound, in the outside lane of Interstate 4 in Seminole County, Florida. At that time and place, Defendant LYMAN negligently operated the SUBJECT TRACTOR so that the passenger's side of the SUBJECT TRACTOR collided with the driver's side of the SEBRING, causing the Plaintiff GEHL to spin counter clockwise across

7895

Interstate 4 and impact the guardrail (hereinafter referred to as the "SUBJECT ACCIDENT").

13.     As a result of the aforementioned SUBJECT ACCIDENT, Plaintiff GEHL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**COUNT I**
**CLAIM FOR NEGLIGENCE AGAINST DEFENDANT LYMAN**

14.     The allegations numbered 1 – 13 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

15.     On or about February 24, 2009, Defendant LYMAN was operating the SUBJECT TRACTOR, westbound, in the center lane of Interstate 4 and SR 434 in Seminole County, Florida when he negligently operated the SUBJECT TRACTOR so that the SUBJECT TRACTOR collided with the SEBRING, in which GEHL was the driver.

16.     As a direct and proximate result of the aforesaid negligence of Defendant LYMAN, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant LYMAN, for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

7895

# NOTICE OF REMOVAL
# EXHIBIT B

## Westley Lockwood

**From:**   Richard Anderson [richard.p.anderson@hotmail.com]

**Sent:**   Tuesday, December 11, 2012 2:12 PM

**To:**   westley.lockwood@bromagenlaw.com

**Subject:** FW: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895: Gehl vs Lyman et al

FYI

Richard P. Anderson
Anderson, Bottrell, Sanden & Thompson
4132 30th Avenue SW, Suite 100
P.O. Box 10247
Fargo, ND  58106-0247
(701) 235-3300 (Phone)
(701) 237-3154 (Fax)
E-mail:  richard.p.anderson@hotmail.com

---

From: DMartin@dwklaw.com
To: richard.p.anderson@hotmail.com
Date: Tue, 11 Dec 2012 13:17:18 -0500
Subject: RE: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895: Gehl vs Lyman et al

Not yet, Dick.  Again, we have 2 out of 7 guys in month long trial and I am buried covering for both of them.  I will let you know when it is filed.  Thanks.

## *W. Doug Martin*  Attorney at Law

| DELLECKER | WILSON | KING | McKENNA | RUFFIER | & SOS |

| 719 Vassar Street  Orlando, FL 32804 |
| P: 407.244.3000  F: 407.244.3033 |
| www.dwklaw.com |

---

**From:** Richard Anderson [mailto:richard.p.anderson@hotmail.com]
**Sent:** Tuesday, December 11, 2012 11:10 AM
**To:** Doug Martin
**Subject:** RE: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895: Gehl vs Lyman et al

Anything done yet?

Richard P. Anderson
Anderson, Bottrell, Sanden & Thompson
4132 30th Avenue SW, Suite 100
P.O. Box 10247
Fargo, ND  58106-0247
(701) 235-3300 (Phone)
(701) 237-3154 (Fax)
E-mail:  richard.p.anderson@hotmail.com

From: DMartin@dwklaw.com
To: richard.p.anderson@hotmail.com
CC: 58rac078@directtrans.com
Date: Fri, 7 Dec 2012 11:47:43 -0500
Subject: RE: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895: Gehl vs Lyman et al

Give me til Monday.  Thanks.

## *W. Doug Martin* Attorney at Law

| DELLECKER | WILSON | KING | McKENNA | RUFFIER | & SOS |

| 719 Vassar Street  Orlando, FL 32804 |
| P: 407.244.3000  F: 407.244.3033 |
| www.dwklaw.com |

**From:** Richard Anderson [mailto:richard.p.anderson@hotmail.com]
**Sent:** Friday, December 07, 2012 11:44 AM
**To:** Doug Martin
**Cc:** 58rac078@directtrans.com
**Subject:** Gehl vs Lyman et al

Doug:

Have you yet filed the Motion to Dismiss Brand Trucking and , if so, could you kindly provide me with a copy. If not yet filed, as promised, when will the filing be made?

Thanks.

Dick

Richard P. Anderson
Anderson, Bottrell, Sanden & Thompson
4132 30th Avenue SW, Suite 100
P.O. Box 10247
Fargo, ND  58106-0247
(701) 235-3300 (Phone)
(701) 237-3154 (Fax)
E-mail:  richard.p.anderson@hotmail.com

Message Security: Check Authenticity

Message Security: Check Authenticity

From: DMartin@dwklaw.com
To: westley@bromagenlaw.com; richard.p.anderson@hotmail.com
Date: Fri, 3 Aug 2012 12:15:26 -0400
Subject: RE: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895:

Westley – I will set aside the default against Lyman after I get an Answer to the Amended Complaint
from Lyman and DTL.  After I get the Answers, I will dismiss Brand Trucking from the lawsuit so the
default against Brand Trucking will be a moot point.

Best regards,
Doug

## *W. Doug Martin*  Attorney at Law

| DELLECKER | WILSON | KING | McKENNA | RUFFIER | & SOS |

| 719 Vassar Street  Orlando, FL 32804 |
| P: 407.244.3000  F: 407.244.3033 |
| www.dwklaw.com |

---

From: DMartin@dwklaw.com
To: westley@bromagenlaw.com; richard.p.anderson@hotmail.com
Date: Wed, 15 Aug 2012 10:44:10 -0400
Subject: RE: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895:

Westley,

I will voluntarily set aside the default against Lyman if you will accept service of the Amended Complaint
on behalf of Lyman.

Best regards,
Doug

## *W. Doug Martin*  Attorney at Law

| DELLECKER | WILSON | KING | McKENNA | RUFFIER | & SOS |

| 719 Vassar Street  Orlando, FL 32804 |
| P: 407.244.3000  F: 407.244.3033 |
| www.dwklaw.com |

---

From: DMartin@dwklaw.com
To: westley@bromagenlaw.com; richard.p.anderson@hotmail.com
CC: 58rac078@directtrans.com
Date: Thu, 2 Aug 2012 11:50:56 -0400
Subject: RE: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895:

Westley,

DTL isn't a party to the current lawsuit so whether they object to the filing of an amended complaint is moot. Once the amended complaint is deemed filed then there is no need for a second amended complaint, but rather, a notice of voluntary dismissal.

If Lyman does not object to the filing of the amended complaint and both DTL and Lyman file an Answer to the Amended Complaint, then I will dismiss Brand Trucking from the lawsuit. At that point we proceed forward with litigation against Lyman & DTL on liability and damages = once I get the answers from Lyman & DTL I will set aside the default. I am not trying to play games.

Best regards,
Doug

## *W. Doug Martin* Attorney at Law

| DELLECKER | WILSON | KING | McKENNA | RUFFIER | & SOS |

| 719 Vassar Street  Orlando, FL 32804 |
| P: 407.244.3000  F: 407.244.3033 |
| www.dwklaw.com |

From: Doug Martin [mailto:DMartin@dwklaw.com]
Sent: Thursday, August 02, 2012 7:09 AM
To: Richard Anderson; westley@bromagenlaw.com
Cc: 58rac078@directtrans.com
Subject: RE: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895:

Dick,

I think the next step is Defendant Warren Lyman needs to state that he does not have an objection to my client's amended complaint that was previously filed, or alternatively, if Lyman won't agree, then we have the matter set for hearing for November 14, 2012. It is my understanding that Westley Lockwood's client, Warren Lyman, has either not responded or has not given the green light to the filing of the Amended Complaint. I candidly cannot think of a valid legal basis to oppose the filing of the Amended Complaint unless it is for the sole purpose of delay. If anyone is aware of a valid legal basis, please enlighten me. I have been wrong before and I am sure it will happen again, but in my humble opinion there is a 100% chance the judge grants leave to amend the complaint as there is not any prejudice to Lyman, or any party for that matter. Especially in light of the fact that Lyman contends that he was not properly served. Once I get an Answer to the Amended Complaint from Lyman and DTL, I will dismiss Brand Trucking.

I spoke to my client last night and she continues to live with the effects of this accident every single day.

Best regards,
Doug


## *W. Doug Martin*   Attorney at Law

| DELLECKER | WILSON | KING | McKENNA | RUFFIER | & SOS |

| 719 Vassar Street  Orlando, FL 32804 |
| P: 407.244.3000  F: 407.244.3033 |
| www.dwklaw.com |

---

From: DMartin@dwklaw.com
To: richard.p.anderson@hotmail.com
CC: westley@bromagenlaw.com
Date: Wed, 19 Sep 2012 13:23:05 -0400
Subject: RE: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895: Gehl vs Lyman et al: Amended Complaint

Correct.

## *W. Doug Martin*   Attorney at Law

| DELLECKER | WILSON | KING | McKENNA | RUFFIER | & SOS |

| 719 Vassar Street  Orlando, FL 32804 |
| P: 407.244.3000  F: 407.244.3033 |
| www.dwklaw.com |

**From:** Richard Anderson [mailto:richard.p.anderson@hotmail.com]
**Sent:** Wednesday, September 19, 2012 1:17 PM
**To:** Doug Martin
**Cc:** westley@bromagenlaw.com
**Subject:** GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895: Gehl vs Lyman et al: Amended Complaint

Hi Doug:

I am advised by Direct Transport that they have been served with the Amended Complaint which has since been forwarded to attorney Wes Lockwood for submission of an Answer. I note that Brand Trucking was not or as of yet has not been served. I understand from our prior communications that you will be seeking to dismiss Brand Trucking after you have received Answers from Direct Transport and Lyman and would ask that you kindly confirm those intentions. Thank you.

Dick

Richard P. Anderson
Anderson, Bottrell, Sanden & Thompson
4132 30th Avenue SW, Suite 100
P.O. Box 10247
Fargo, ND 58106-0247
(701) 235-3300 (Phone)
(701) 237-3154 (Fax)
E-mail: richard.p.anderson@hotmail.com

Message Security: Check Authenticity

---

From: DMartin@dwklaw.com
To: richard.p.anderson@hotmail.com; westley@bromagenlaw.com
CC: 58rac078@directtrans.com
Date: Thu, 2 Aug 2012 07:08:39 -0400
Subject: RE: GEHL, Karen D. v. Brand Trucking Ltd., et al. - 7895:

Dick,

I think the next step is Defendant Warren Lyman needs to state that he does not have an objection to my client's amended complaint that was previously filed, or alternatively, if Lyman won't agree, then we have the matter set for hearing for November 14, 2012. It is my understanding that Westley Lockwood's client, Warren Lyman, has either not responded or has not given the green light to the filing of the Amended Complaint. I candidly cannot think of a valid legal basis to oppose the filing of the Amended Complaint unless it is for the sole purpose of delay. If anyone is aware of a valid legal basis, please enlighten me. I have been wrong before and I am sure it will happen again, but in my humble opinion there is a 100% chance the judge grants leave to amend the complaint as there is not any prejudice to Lyman, or any party for that matter. Especially in light of the fact that Lyman contends that he was not properly served. Once I get an Answer to the Amended Complaint from Lyman and DTL, I will dismiss Brand Trucking.

I spoke to my client last night and she continues to live with the effects of this accident every single day.

Best regards,
Doug

## *W. Doug Martin* Attorney at Law

| DELLECKER | WILSON | KING | McKENNA | RUFFIER | & SOS |

| 719 Vassar Street  Orlando, FL 32804 |
| P: 407.244.3000  F: 407.244.3033 |
| www.dwklaw.com |

# NOTICE OF REMOVAL
# EXHIBIT C

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO. 12-CA-2139-08

KAREN D. GEHL,

    Plaintiff,

*6-12-CV-1869-31DAB*

-vs-

DIRECT TRANSPORT, LTD., a For Profit
Business Corporation; BRAND TRUCKING,
LTD., a For Profit Business Corporation;
and WARREN W. LYMAN, individually,

    Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, **KAREN D. GEHL**, sues Defendants, **DIRECT TRANSPORT, LTD.**, a For

Profit Business Corporation, **BRAND TRUCKING, LTD.**, a For Profit Business Corporation,

and **WARREN W. LYMAN**, individually, and alleges:

1.    This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars.

2.    At all time relevant hereto, Plaintiff, Karen D. Gehl, is and was a resident of

Seminole County, Florida.

3.    At all times relevant hereto, Defendant, WARREN W. LYMAN, individually,

(hereinafter referred to as **"LYMAN"**) was the operator of a 2004 International

commercial/transport truck in Seminole County, Florida with a North Dakota State license plate

#45933, VIN 1FUJBBAVX4LM93753, hereinafter referred to as the **"SUBJECT TRACTOR"**.

4.    At all times relevant hereto, Defendant LYMAN was in the business of transporting

goods using the SUBJECT TRACTOR.

*7895*



5.     At all times relevant hereto, Defendant, **DIRECT TRANSPORT, LTD.** (hereinafter referred to as **"DIRECT"**) was/is a For Profit Business Corporation engaged in the business of transporting goods throughout the State of Florida with its principal place of business located at 460 7TH Avenue NE, West Fargo, North Dakota 58078, and whose registered agent is Paul Dellaneva, 1325 14th St, Fargo, ND 58103.

6.     At all times relevant hereto, Defendant, **BRAND TRUCKING, LTD.** (hereinafter referred to as **"BRAND"**) was/is a For Profit Business Corporation engaged in the business of transporting goods throughout the State of Florida with its principal place of business located at 5617 19TH Avenue N, Fargo, North Dakota 58102, and whose registered agent is Bruce Brand.

7.     At all times relevant hereto, Defendant LYMAN was an employee, agent or apparent agent of Defendant DIRECT.

8.     At all times relevant hereto, Defendant LYMAN was an employee, agent or apparent agent of Defendant BRAND.

9.     At all times relevant hereto, SUBJECT TRACTOR was owned by Defendant DIRECT.

10.    At all times relevant hereto, SUBJECT TRACTOR was leased by Defendant DIRECT.

11.    At all times relevant hereto, SUBJECT TRACTOR was owned by Defendant BRAND.

12.    At all times relevant hereto, SUBJECT TRACTOR was leased by Defendant BRAND.

13.    At all times relevant hereto, Defendant LYMAN had a duty to use reasonable care in the operation of the SUBJECT TRACTOR.

14.     At all times relevant hereto, Defendant BRAND had a duty to use reasonable care in the hiring and/or retention of its driving personnel, including Defendant LYMAN.

15.     At all times relevant hereto, Defendant BRAND had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to driving personnel, including Defendant LYMAN.

16.     At all times relevant hereto, Defendant DIRECT had a duty to use reasonable care in the hiring and/or retention of its driving personnel, including Defendant LYMAN.

17.     At all times relevant hereto, Defendant DIRECT had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to driving personnel, including Defendant LYMAN.

18.     On or about February 24, 2009, at approximately 7:16 am, Defendant LYMAN was operating the SUBJECT TRACTOR in the westbound center lane of Interstate 4 and SR 434, Seminole County, Florida.  At that time and place, Defendant LYMAN was using the SUBJECT TRACTOR with the express or implied consent of the Defendant DIRECT and/or Defendant BRAND.

19.     On or about February 24, 2009, at approximately 7:16 am, Plaintiff KAREN D. GEHL (hereinafter referred to as "GEHL") was the driver of a 1996 Chrysler Sebring (hereinafter referred to as the "SEBRING") that was travelling westbound, in the outside lane of Interstate 4 in Seminole County, Florida.  At that time and place, Defendant LYMAN negligently operated the SUBJECT TRACTOR so that the passenger's side of the SUBJECT TRACTOR collided with the driver's side of the SEBRING, causing the Plaintiff GEHL to spin counter clockwise across Interstate 4 and impact the guardrail (hereinafter referred to as the "SUBJECT ACCIDENT").

20.     As a result of the aforementioned SUBJECT ACCIDENT, Plaintiff GEHL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT I
## CLAIM FOR NEGLIGENCE AGAINST DEFENDANT LYMAN

21.     The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

22.     On or about February 24, 2009, Defendant LYMAN was operating the SUBJECT TRACTOR, westbound, in the center lane of Interstate 4 and SR 434 in Seminole County, Florida when he negligently operated the SUBJECT TRACTOR so that the SUBJECT TRACTOR collided with the SEBRING, in which GEHL was the driver.

23.     As a direct and proximate result of the aforesaid negligence of Defendant LYMAN, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant LYMAN, for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT II
## CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT DIRECT

24.    The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

25.    At all times material hereto, Defendant DIRECT was in legal possession of the SUBJECT TRACTOR and had control of the SUBJECT TRACTOR being operated by Defendant LYMAN with the knowledge, permission and consent of Defendant DIRECT.

26.    At all times material hereto, and more particularly while Defendant DIRECT gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

27.    At all times material hereto, Defendant DIRECT, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

28.    As a direct and proximate result of the aforesaid vicarious negligence of Defendant DIRECT, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant DIRECT for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

*7895*

## COUNT III
## CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT DIRECT
## OWNERSHIP AND/OR LEASOR OF TRACTOR

29.    The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

30.    At all times material hereto, Defendant DIRECT owned and/or leased the SUBJECT TRACTOR.

31.    At all times material hereto, and more particularly while Defendant DIRECT gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

32.    At all times material hereto, Defendant DIRECT, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

33.    As a direct and proximate result of the aforesaid vicarious negligence of Defendant DIRECT, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant DIRECT for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

*7895*

## COUNT IV
## CLAIM FOR NEGLIGENT HIRING/RETENTION/ENTRUSTMENT AS TO DEFENDANT DIRECT

34.     The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

35.     That Defendant DIRECT, was at all times material to this cause of action engaged in the operation of transporting goods.

36.     That Defendant DIRECT, had a duty to use reasonable care in the hiring and/or retention of its driving personnel of which Defendant LYMAN, was one.

37.     That Defendant DIRECT, had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to its driving personnel of which Defendant LYMAN, was one.

38.     That Defendant DIRECT, breached its duty of reasonable care in the hiring of its driving personnel, including Defendant LYMAN, in that:

        a.      Defendant DIRECT, was undertaking to operate a business requiring transporting goods and materials by Defendant DIRECT employees and vehicles, and as a result, Defendant DIRECT was required to make an appropriate investigation/screening of all potential driving personnel, including Defendant LYMAN, which was not done;

        b.      an appropriate investigation and/or screening by Defendant DIRECT, would have revealed that Defendant LYMAN, had a poor driving record which reflected his propensity for driving in a careless manner;

        c.      it was unreasonable for Defendant DIRECT, to hire Defendant LYMAN, in light of the information that would have surfaced had a competent investigation/screening been conducted.

7895

39.     That Defendant DIRECT, breached its duty of reasonable care in the retention of driving personnel, including Defendant LYMAN, by retaining Defendant LYMAN, after becoming aware of his careless driving.   That Defendant DIRECT, knew or should have known of such instances but took no steps to stop or prevent further driving by Defendant LYMAN.

40.     That Defendant DIRECT, breached its duty of care concerning the Plaintiff by not using reasonable care to provide for the safety of people on public roads and/or by not properly supervising its personnel.   Said Defendant had a duty either to relieve Defendant LYMAN, of his duties or to set out specific and clear guidelines governing his conduct.   That Defendant DIRECT, failed to do either or take other required or appropriate action.

41.     That on or before the aforesaid time and place, Defendant DIRECT, negligently or carelessly entrusted the SUBJECT TRACTOR to Defendant LYMAN; that Defendant DIRECT knew or should have known that Defendant LYMAN:

      a.      was not a safe, lawful and prudent driver; and/or

      b.      had been involved in previous vehicular accidents; and/or

      c.      was known or reputed to be an unsafe driver and/or employee; and/or

      d.      was incompetent at the time of Defendant LYMAN's application for employment.

42.     That as a proximate cause of Defendant DIRECT's breach of its duty to use reasonable care when:  hiring and/or retaining Defendant LYMAN, and/or entrusting the SUBJECT TRACTOR to Defendant LYMAN by Defendant DIRECT, Plaintiff GEHL was injured in the SUBJECT ACCIDENT.

43. As a direct and proximate result of the aforesaid negligent hiring and/or retention and/or entrustment of the SUBJECT TRACTOR to Defendant LYMAN by Defendant DIRECT, as to Defendant DIRECT, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant DIRECT for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT V
## CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT BRAND

44. The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

45. At all times material hereto, Defendant BRAND was in legal possession and control of the SUBJECT TRACTOR being operated by Defendant LYMAN with the knowledge, permission and consent of Defendant BRAND.

46. At all times material hereto, and more particularly while Defendant BRAND gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

47. At all times material hereto, Defendant BRAND, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

7895

48.     As a direct and proximate result of the aforesaid vicarious negligence of Defendant BRAND, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant BRAND for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT VI

## CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT BRAND OWNERSHIP OF TRACTOR

49.     The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

50.     At all times material hereto, Defendant BRAND owned and/or leased the SUBJECT TRACTOR.

51.     At all times material hereto, and more particularly while Defendant BRAND gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

52.     At all times material hereto, Defendant BRAND, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

7895

53.    As a direct and proximate result of the aforesaid vicarious negligence of Defendant BRAND, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant BRAND for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

**COUNT VII**
**CLAIM FOR NEGLIGENT HIRING/RETENTION/ENTRUSTMENT AS TO DEFENDANT BRAND**

54.    The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

55.    That Defendant BRAND, was at all times material to this cause of action engaged in the operation of transporting goods.

56.    That Defendant BRAND, had a duty to use reasonable care in the hiring and/or retention of its driving personnel of which Defendant LYMAN, was one.

57.    That Defendant BRAND, had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to its driving personnel of which Defendant LYMAN, was one.

58.    That Defendant BRAND, breached its duty of reasonable care in the hiring of its driving personnel, including Defendant LYMAN, in that:

a.    Defendant BRAND, was undertaking to operate a business requiring transporting goods and materials by Defendant BRAND employees and vehicles, and as a

7895

result, Defendant BRAND was required to make an appropriate investigation/screening of all potential driving personnel, including Defendant LYMAN, which was not done;

b.      an appropriate investigation and/or screening by Defendant BRAND, would have revealed that Defendant LYMAN, had a poor driving record which reflected his propensity for driving in a careless manner;

c.      it was unreasonable for Defendant BRAND, to hire Defendant LYMAN, in light of the information that would have surfaced had a competent investigation/screening been conducted.

59.     That Defendant BRAND, breached its duty of reasonable care in the retention of driving personnel, including Defendant LYMAN, by retaining Defendant LYMAN, after becoming aware of his careless driving. That Defendant BRAND, knew or should have known of such instances but took no steps to stop or prevent further driving by Defendant LYMAN.

60.     That Defendant BRAND, breached its duty of care concerning the Plaintiff by not using reasonable care to provide for the safety of people on public roads and/or by not properly supervising its personnel. Said Defendant had a duty either to relieve Defendant LYMAN, of his duties or to set out specific and clear guidelines governing his conduct. That Defendant BRAND, failed to do either or take other required or appropriate action.

61.     That on or before the aforesaid time and place, Defendant BRAND, negligently or carelessly entrusted the SUBJECT TRACTOR to Defendant LYMAN; that Defendant BRAND knew or should have known that Defendant LYMAN:

a.      was not a safe, lawful and prudent driver; and/or

b.      had been involved in previous vehicular accidents; and/or

c.      was known or reputed to be an unsafe driver and/or employee; and/or

d. was incompetent at the time of Defendant LYMAN's application for employment.

62. That as a proximate cause of Defendant BRAND's breach of its duty to use reasonable care when: hiring and/or retaining Defendant LYMAN, and/or entrusting the SUBJECT TRACTOR to Defendant LYMAN by Defendant BRAND, Plaintiff GEHL was injured in the SUBJECT ACCIDENT.

63. As a direct and proximate result of the aforesaid negligent hiring and/or retention and/or entrustment of the SUBJECT TRACTOR to Defendant LYMAN by Defendant BRAND, as to Defendant BRAND, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant BRAND for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

DATED this 23rd day of July, 2012.

DELLECKER WILSON KING McKENNA
RUFFIER & SOS, LLP

BY: _____
W. Doug Martin
Florida Bar No. 0024248
Robert H. Dellecker
Florida Bar No. 0379581
719 Vassar Street
Orlando, Florida 32804
407/244-3000
Attorneys for Plaintiff

7895

# NOTICE OF REMOVAL
# EXHIBIT D

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA
CIVIL DIVISION

KAREN D. GEHL,
    Plaintiff,

-vs-                             **CASE NO. 2012-CA-0002139, Civil Div. K**

DIRECT TRANSPORT, LTD., a For Profit
Business Corporation; BRAND TRUCKING,
LTD., a For Profit Business Corporation;
and WARREN W. LYMAN, individually,
    Defendants.
_____/

## PLAINTIFF'S RESPONSE TO REQUEST FOR ADMISSION

    Plaintiff, KAREN D. GEHL by and through the undersigned attorneys, and, in Response to

the Request for Admissions filed by Defendant, DIRECT TRANSPORT, LTD., dated October 9,

2012, states as follows:

### REQUEST FOR ADMISSION NO. 1:

    Admit you are seeking damages in excess of $75,000.00, exclusive of interests and costs.

**RESPONSE: Admitted that Defendants only offered $35,000.00 to settle this case and
Plaintiff believes it has a value in excess of $75,000.00**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been
electronically filed with the Clerk of Court by using the **Florida Courts eFiling Portal** system
& furnished via **E-Mail Service** on the 15<u>th</u> day of November, 2012 to: Westley F. Lockwood,
Esq., (eservice@bromagenlaw.com) Bromagen & Rathet, 201 E. Kennedy Blvd., Ste. 500,
Tampa, FL 33602.

                        **DELLECKER WILSON KING
McKENNA RUFFIER & SOS
A Limited Liability Partnership**

BY: _____
                        W. Doug Martin, Florida Bar No. 0024248
                        719 Vassar Street
                        Orlando, Florida 32804
                        407/244-3000
                        dmartin@dwklaw.com
                        Attorney for Plaintiff

# NOTICE OF REMOVAL
# EXHIBIT E

IN THE CIRCUIT COURT OF THE EIGHTEENTH
JUDICIAL CIRCUIT IN AND FOR
SEMINOLE COUNTY, FLORIDA
CIVIL DIVISION

CASE NO. 2012-CA-0002139, Civil Div. K

KAREN D. GEHL,
   Plaintiff,

-vs-

DIRECT TRANSPORT, LTD., a For Profit
Business Corporation; BRAND TRUCKING,
LTD., a For Profit Business Corporation;
and WARREN W. LYMAN, individually,
   Defendants.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S VERIFIED ANSWERS TO INTERROGATORIES

The undersigned certifies that the original of Plaintiff, Karen D. Gehl's Verified Answers to Interrogatories propounded by Defendants on October 9, 2012 have been served in accordance with Rule 1.340, Florida Rules of Civil Procedure, with copies to all other parties.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the **Florida Courts eFiling Portal** system & furnished via **E-Mail Service** on the 15th day of November, 2012 to: Westley F. Lockwood, Esq., (eservice@bromagenlaw.com) Bromagen & Rathet, 201 E. Kennedy Blvd., Ste. 500, Tampa, FL 33602.

DELLECKER WILSON KING
McKENNA RUFFIER & SOS
A Limited Liability Partnership

BY: _____
W. Doug Martin
Florida Bar No. 0024248
719 Vassar Street
Orlando, Florida 32804
407.244.3000
dmartin@dwklaw.com
Attorney for Plaintiff

## PLAINTIFF'S VERIFIED ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

List your full name and any other name by which you have ever been known, your date of birth, social security number, driver's license number, occupation, all addresses where you have lived for the past ten (10) years and the dates you lived at each address, and if you are or have ever been married, the names of each spouse, the date and place of each marriage, and list any children born of each marriage.

### RESPONSE:

Karen D. Gehl aka Karen Dee Bast (Maiden name)
DOB:
SSN:
Driver's license No.:
Occupation:          Receptionist at WKMG Local 6

Lived for the past 21 years:



Spouse:              Bob Gehl (since June 3, 1967)
Place of marriage:   Glenview, IL

Children:            Traci D. Gehl
                     Sheri Lynn Gehl

### INTERROGATORY NO. 2:

List the names, business addresses, dates of employment and rates of pay regarding all employers, including self-employment, for whom you have worked in the past twenty (20) years.

**RESPONSE:**          WKMG Local 6, 4466 John Young Parkway, Orlando, FL 32804 (worked here for over 20 years). Rate of pay: $16.20/hr.

**INTERROGATORY NO. 3:**

List the names, addresses, degrees obtained and dates of attendance for all high schools, junior colleges, vocational schools or technical schools which you have ever attended.

**RESPONSE:** Glenbrook South High School, 4000 W. Lake Ave., Glenview, IL 60026 (847-729-2000).

**INTERROGATORY NO. 4:**

Describe in detail how the accident described in the Complaint happened, including all actions taken by you to prevent the accident. Additionally, please state whether you were wearing your seat belt at the time of the subject alleged accident.

**RESPONSE** I was driving down I-4 in the right hand lane on my way to work. There was an 18-wheeler on the left of me in the center lane. I heard a grinding noise and I didn't know where the noise was coming from so I turned my head in the direction of the noise and that's when I saw my windows shatter. My car was being pushed to the right shoulder of the road that is when my car started to turn sideways across the lane and the 18-wheeler hit me in my driver door the impact jolting me. There was nothing I could do to prevent the incident.

**INTERROGATORY NO. 5:**

Describe in detail each act or omission on the part of any party or nonparty to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

**RESPONSE:** Please see Complaint filed in this action.

**INTERROGATORY NO. 6:**

Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent. Please include every pre-existing condition you believe was aggravated by the subject accident.

**RESPONSE:** Please refer to the medical records provided in *Response to Request to Produce* as to my injuries sustained. My neck, shoulder and hip were in pain after the incident. I did not have any pre-existing conditions with regard to these areas. My doctors are best able to describe my injuries and treatment.

## INTERROGATORY NO. 7:

List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address to whom each was paid or is owed, and the goods or services for which each was incurred; please include in this answer an itemized statement of all monetary losses sustained by you to date as a result of the alleged accident, and the method by which you completed or otherwise determined each such amount.

**RESPONSE:  Please refer to the medical bills provided in *Response to Request to Produce*:**

**Dr. Michael Broom / Florida Spine Care Center**
**$371.00**
**4/23/2009**

**Central Florida Pathology Assoc.**
**$30.00**
**2/24/2009**

**Cyrus Diagnostic Imaging/ Roger Nash**
**$150.00**
**8/30/2011**

**Dr. P. Phillips Hospital**
**$50,472.00**
**8/22/2011**

**Florida Emergency Physicians**
**$531.00**
**2/24/2009**

**Florida Hospital**
**$1,692.00**
**2/24/2009**

**Florida Injury & Rehab Centers**
**5,057.00**
**3/2/2009**

**Florida Orthopaedic Clinic**
**$5,410.00**
**2/24/2009**

**South Seminole Primary Care / Dr. Thomas Kelley**
**$817.00**
**2/2/2010**

**Medical Center Radiology Group**
**$64.00**
**8/16/2011, 8/22/2011**

**Neuro IOM Services**
**$2,425.00**
**8/22/2011**

**Pathology Specialists, PA**
**$120.63**
**8/22/2011**

**Monica Perry, MS LMFT**
**$300.00**
**4/13/2009**

**Dr. Razack / Spine & Brain Neurosurgery**
**$28,922.00**
**7/14/2011**

**Stand Up MRI**
**$2,025.00**
**4/4/2009; 9/4/2010**

**Dr. Jose Torres**
**$12,997.77**
**6/10/2009**

**Wolverine Anesthesia**
**$2,178.00**
**8/22/2011**

## INTERROGATORY NO. 8:

Do you contend that you have lost any income, compensation, benefits or earning capacity in the past or future as a result of the subject accident? If so, state the nature of the income, compensation, benefits or earning capacity, the amount and the method that you used in computing the amount, the period during which it was lost, and the employer's name and address for whom you were working at the time of the subject accident.

**RESPONSE: Undetermined at this time as to loss of future earnings. I have missed work as a result of this accident and medical treatment.**

**INTERROGATORY NO. 9:**

Has anything been paid or is anything payable from any third party for the damages listed in your answers to these Interrogatories?  If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.  In so doing, please describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in the Complaint, detailing as to such policies: the name of the insurer, number of the policy, the available limits of liability, the name and address of the custodian of the policy, the amount paid or payable, and which insurance companies claim or have a right to subrogation.  Please include in this answer all sources, including, but not limited to, compensation from any governmental agency.

**RESPONSE: Yes.  Related insurance benefits have been paid by:**

**GEICO**
**P.O. Box 9091**
**Macon, GA 31208**
**Policy No.:** ▮▮▮▮▮▮
**A final determination of the amount of their claim has not been made as of this date**

**Aetna**
**c/o The Rawlings Company**
**PO Box 2000**
**LaGrange, KY  40031-2000**
**File #**▮▮▮▮▮▮
**A final determination of the amount of their claim has not been made as of this date**

**INTERROGATORY NO. 10:**

List the names and business addresses of each health care or mental health provider who has treated or examined you, and each medical or mental health facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**RESPONSE: Please refer to the medical records provided in *Response to Request to Produce.*
The Plaintiff's primary medical providers for the subject injuries are:**

**Dr. P. Phillips Hospital**
**9400 Turkey Lake Road**
**Orlando, FL  32819**

**Florida Hospital**
**701 East Altamonte Drive**
**Altamonte Springs, FL  32701**

Florida Injury & Rehabilitation Centers
1040 E. Osceola Pkwy.
Kissimmee, FL  34744

Florida Orthopedic Clinic
1479 Gene Street
Winter Park, FL

Dr. Thomas Kelly
South Seminole Primary Care
587 East S. R. 434, Ste. 1071
Longwood, FL 32750

Medical Center Radiology Group
20 Wes Kaley Street
Orlando, FL  32806

Neuro IOM Services
1926 10th Ave. North, Ste. 105
Lake Worth, FL  33461

Monica Perry, M.S., LMFT
165 Sabal Palm Dr., Ste. 101
Longwood, FL  32779
Dr. Nizam Razack
Spine & Brain Neurosrugery Center
7460 Doc's Grove Circle
Orlando, FL  32819

Stand Up MRI
2010 S. Orange Ave., Ste. 14
Orlando, FL  32806

Dr. Jose Torres
1405 S. Orange Ave., 2nd Floor
Orlando, FL 32806

Wolverine Anesthesia Consultants, M.D.
PO Box 4918
Orlando, FL   32802-4918

Florida Emergency Physicians
PO Box 1070
Charlotte, NC 28210-1070

Dr. Roger Nash
Cyrus Diagnostic Imaging, Inc.
165 Waymont Court
Lake Mary, FL 32746

Central Florida Pathology Assoc., PA
PO Box 140987
Orlando, FL 32814-0987

Dr. Michael Broom / Florida Spine Care Center
1405 S. Orange Avenue
Orlando, FL 32806

Pathology Specialists, PA
84 W. Jersey Street, Suite 1
Orlando, FL 32806

**INTERROGATORY NO. 11:**

 List the names and business addresses of all other health care or mental health providers by whom or at which you have been examined or treated within twenty (20) years preceding the date you answer these interrogatories; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

**RESPONSE: Please refer to answer No. 10 above. To the best of Plaintiff's recollection, the Plaintiff's primary medical providers for the past 10 years are as follows:**

FloridaHospital Orlando
2501 N. Orange Avenue
Orlando, FL 32804
2/24/2009

Florida Hospital Cancer Institute
2501 N. Orange Avenue
Orlando, FL 32804
2/24/2009

Dr. Lawrence D. Kelley
Total Care Medical Assoc.
515 W. State Road 434 Ste. 308
Longwood, FL 32750
6/22/2007
7/20/2007

Quest Diagnostics, Inc.
1060 W. State Road 434, #100
Longwood, FL  32750
7/11/2007

LabCorp of America Holdings
6/28/2007

Dr. Amanpreet S. Bhullar, M.D.
89 West Copeland Drive
Orlando, FL  32806
6/28/2007

Women's Care Florida – OB & GYN Specialists (Winter Park Office)
1551 Clay Street
Winter Park, FL  32789

## INTERROGATORY NO. 12:

Please state whether you have ever been given an impairment or disability rating and, if so, state the percentage and to what part of the body the rating referred, whether the rating was for a temporary or permanent injury, whether the rating was for an impairment or disability, and the name and address of the doctor or doctors who gave the rating.

RESPONSE:  I do not know.  Please ask my doctors.

## INTERROGATORY NO. 13:

Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

RESPONSE:  OBJECTION.  The interrogatory requesting disclosure of statements "concerning any of the issues in this lawsuit" is overly broad and burdensome.   Discovery is underway and additional facts may become known.

**INTERROGATORY NO. 14:**

State the name and address of every person known to you, your agents, or attorneys, who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**RESPONSE: OBJECTION. Attorney client and work product privileges. Additionally, the interrogatory requesting disclosure of individuals with knowledge, possession, custody, or control of items "pertaining to any fact or issue involved in this controversy" is overly broad and burdensome. Discovery is underway and additional facts may become known.**

**INTERROGATORY NO. 15:**

Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

**RESPONSE: No.**

**INTERROGATORY NO. 16:**

Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were a plaintiff or a defendant, the nature of the action, and the date and court in which such suit was filed.

**RESPONSE: No.**

**INTERROGATORY NO. 17:**

List any and all accidents in which you have been involved or injuries which you have sustained within twenty (20) years preceding the date you answer these interrogatories, including the date, description and injuries suffered and the name and address of health care providers seen for such accident or injury.

**RESPONSE: Objection, overly broad, vague and ambiguous. Without waiving said objection:**

**1994 – my husband and I were stopped at a traffic light when we were rear-ended.**

**1998 - I was on the on-ramp from Lee Road to I-4. The car before me stopped, and I stopped but the car behind me ran into the back of my car.**

**No treatment needed for either of these two accidents.**

**INTERROGATORY NO. 18:**

Do you wear glasses, contact lenses or hearing aids? If so, who prescribed them; when were they prescribed, when were your eyes or ears last examined; and what is the name and address of the examiner?

**RESPONSE: I wear reading glasses. Purchased at Sam's Club.**

**INTERROGATORY NO. 19:**

Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction, the specific crime, the date and the place of conviction.

**RESPONSE: No.**

**INTERROGATORY NO. 20:**

Were you suffering from any physical infirmity, disability, or sickness at the time of the subject accident? If so, state the nature of the infirmity, disability or sickness and identify the medical or other doctors with which you treated for that condition in the five years immediately preceding the date of the subject accident and from the date of the subject accident to present including the addresses and phone numbers of all doctors who treated you for each specific infirmity, disability or sickness.

**RESPONSE:** No.

**INTERROGATORY NO. 21:**

Did you consume any alcoholic beverages or take any drugs or medication within 24 hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs or medication which were consumed and when and where they were consumed.

**RESPONSE:** No.

**INTERROGATORY NO. 22:**

List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**RESPONSE:** OBJECTION. The interrogatory requesting disclosure of individuals with knowledge "concerning any of the issues in this lawsuit" is overly broad and burdensome. Without waiving this objection, as of this date, Plaintiff believes that the following individuals may have relevant knowledge:

- Plaintiff, Karen Gehl
- Bob Gehl, Plaintiff's husband
- Plaintiff's attorneys
- Plaintiff's insurance carriers
- Plaintiff's medical providers
- The named Defendant, Warren Lyman
- The named Defendant, Brand Trucking
- The named Defendant, Direct Transport
- Defendants' attorneys
- Defendants' insurance carrier
- Daniel Santiago, witness
- Joel Ruiz, witness
- Trooper J. R. Rodriguez, Florida Highway Patrol, Badge #2258

**INTERROGATORY NO. 23:**

Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE:** **Will be provided pursuant to the Court's Uniform Trial Order.**

_Karen D. Gehl_
KAREN D. GEHL

STATE OF FLORIDA

COUNTY OF ORANGE

BEFORE ME, the undersigned authority, personally appeared KAREN D. GEHL, who being first duly sworn, deposes and has read the above and foregoing Answers to Interrogatories and the same are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this 8th day of November, 2012.

_signature_
NOTARY PUBLIC

State of _Florida_

My Commission Expires _1/19/2013_

_Lorie Simmons_
Notary Public (Print or Type Name)

Notary Public State of Florida
Lorie Simmons
My Commission DD852715
Expires 11/19/2013

# NOTICE OF REMOVAL
# EXHIBIT F

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO.

KAREN D. GEHL,

   Plaintiff,

-vs-

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually

   Defendants.

_____/

## COMPLAINT

   Plaintiff, **KAREN D. GEHL**, sues Defendants, **BRAND TRUCKING, LTD.**, a For Profit Business Corporation, and **WARREN W. LYMAN**, individually, and alleges:

   1.   This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars.

   2.   At all times relevant hereto, Defendant, WARREN W. LYMAN, individually, (hereinafter referred to as "**LYMAN**") was the operator of a 2004 International commercial/transport truck in Seminole County, Florida with a North Dakota State license plate #45933, VIN 1FUJBBAVX4LM93753, hereinafter referred to as the "**SUBJECT TRACTOR**".

   3.   At all times relevant hereto, Defendant LYMAN was in the business of transporting goods using the SUBJECT TRACTOR.

   4.   At all times relevant hereto, Defendant, **BRAND TRUCKING, LTD.** (hereinafter referred to as "**BRAND**") was/is a For Profit Business Corporation engaged in the business of transporting goods throughout the State of Florida with its principal place of business located at 5617 19TH Avenue N, Fargo, North Dakota 58102, and whose registered agent is Bruce Brand.

7895

5.     At all times relevant hereto, Defendant LYMAN was an employee, agent or apparent agent of Defendant BRAND.

6.     At all times relevant hereto, SUBJECT TRACTOR was owned by Defendant BRAND.

7.     At all times relevant hereto, SUBJECT TRACTOR was leased by Defendant BRAND.

8.     At all times relevant hereto, Defendant LYMAN had a duty to use reasonable care in the operation of the SUBJECT TRACTOR.

9.     At all times relevant hereto, Defendant BRAND had a duty to use reasonable care in the hiring and/or retention of its driving personnel, including Defendant LYMAN.

10.    At all times relevant hereto, Defendant BRAND had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to driving personnel, including Defendant LYMAN.

11.    On or about February 24, 2009, at approximately 7:16 am, Defendant LYMAN was operating the SUBJECT TRACTOR in the westbound center lane of Interstate 4 and SR 434, Seminole County, Florida. At that time and place, Defendant LYMAN was using the SUBJECT TRACTOR with the express or implied consent of the Defendant BRAND.

12.    On or about February 24, 2009, at approximately 7:16 am, Plaintiff **KAREN D. GEHL** (hereinafter referred to as **"GEHL"**) was the driver of a 1996 Chrysler Sebring (hereinafter referred to as the **"SEBRING"**) that was travelling westbound, in the outside lane of Interstate 4 in Seminole County, Florida. At that time and place, Defendant LYMAN negligently operated the SUBJECT TRACTOR so that the passenger's side of the SUBJECT TRACTOR collided with the driver's side of the SEBRING, causing the Plaintiff GEHL to spin counter clockwise across

Interstate 4 and impact the guardrail (hereinafter referred to as the **"SUBJECT ACCIDENT"**).

13. As a result of the aforementioned SUBJECT ACCIDENT, Plaintiff GEHL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT I
## CLAIM FOR NEGLIGENCE AGAINST DEFENDANT LYMAN

14. The allegations numbered 1 – 13 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

15. On or about February 24, 2009, Defendant LYMAN was operating the SUBJECT TRACTOR, westbound, in the center lane of Interstate 4 and SR 434 in Seminole County, Florida when he negligently operated the SUBJECT TRACTOR so that the SUBJECT TRACTOR collided with the SEBRING, in which GEHL was the driver.

16. As a direct and proximate result of the aforesaid negligence of Defendant LYMAN, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant LYMAN, for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

7895

## COUNT II
## CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT BRAND

17. The allegations numbered 1 – 13 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

18. At all times material hereto, Defendant BRAND was in legal possession and control of the SUBJECT TRACTOR being operated by Defendant LYMAN with the knowledge, permission and consent of Defendant BRAND.

19. At all times material hereto, and more particularly while Defendant BRAND gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

20. At all times material hereto, Defendant BRAND, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

21. As a direct and proximate result of the aforesaid vicarious negligence of Defendant BRAND, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant BRAND for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

7895

## COUNT III
## CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT BRAND
## OWNERSHIP OF TRACTOR

22.     The allegations numbered 1 – 13 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

23.     At all times material hereto, Defendant BRAND was the registered owner of the SUBJECT TRACTOR.

24.     At all times material hereto, and more particularly while Defendant BRAND gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

25.     At all times material hereto, Defendant BRAND, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

26.     As a direct and proximate result of the aforesaid vicarious negligence of Defendant BRAND, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant BRAND for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

<u>COUNT IV</u>
**<u>CLAIM FOR NEGLIGENT HIRING/RETENTION/ENTRUSTMENT AS TO</u>**
**<u>DEFENDANT BRAND</u>**

27.     The allegations numbered 1 – 13 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

28.     That Defendant BRAND, was at all times material to this cause of action engaged in the operation of transporting goods.

29.     That Defendant BRAND, had a duty to use reasonable care in the hiring and/or retention of its driving personnel of which Defendant LYMAN, was one.

30.     That Defendant BRAND, had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to its driving personnel of which Defendant LYMAN, was one.

31.     That Defendant BRAND, breached its duty of reasonable care in the hiring of its driving personnel, including Defendant LYMAN, in that:

        a.     Defendant BRAND, was undertaking to operate a business requiring transporting goods and materials by Defendant BRAND employees and vehicles, and as a result, Defendant BRAND was required to make an appropriate investigation/screening of all potential driving personnel, including Defendant LYMAN, which was not done;

        b.     an appropriate investigation and/or screening by Defendant BRAND, would have revealed that Defendant LYMAN, had a poor driving record which reflected his propensity for driving in a careless manner;

        c.     it was unreasonable for Defendant BRAND, to hire Defendant LYMAN, in light of the information that would have surfaced had a competent investigation/screening been conducted.

32.     That Defendant BRAND, breached its duty of reasonable care in the retention of driving personnel, including Defendant LYMAN, by retaining Defendant LYMAN, after becoming aware of his careless driving.   That Defendant BRAND, knew or should have known of such instances but took no steps to stop or prevent further driving by Defendant LYMAN.

33.     That Defendant BRAND, breached its duty of care concerning the Plaintiff by not using reasonable care to provide for the safety of people on public roads and/or by not properly supervising its personnel.   Said Defendant had a duty either to relieve Defendant LYMAN, of his duties or to set out specific and clear guidelines governing his conduct.   That Defendant BRAND, failed to do either or take other required or appropriate action.

34.     That on or before the aforesaid time and place, Defendant BRAND, negligently or carelessly entrusted the SUBJECT TRACTOR to Defendant LYMAN; that Defendant BRAND knew or should have known that Defendant LYMAN:

     a.     was not a safe, lawful and prudent driver; and/or

     b.     had been involved in previous vehicular accidents; and/or

     c.     was known or reputed to be an unsafe driver and/or employee; and/or

     d.     was incompetent at the time of Defendant LYMAN's application for employment.

35.     That as a proximate cause of Defendant BRAND's breach of its duty to use reasonable care when: hiring and/or retaining Defendant LYMAN, and/or entrusting the SUBJECT TRACTOR to Defendant LYMAN by Defendant BRAND, Plaintiff GEHL was injured in the SUBJECT ACCIDENT.

36.     As a direct and proximate result of the aforesaid negligent hiring and/or retention and/or entrustment of the SUBJECT TRACTOR to Defendant LYMAN by Defendant BRAND, as to Defendant BRAND, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant BRAND for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

DATED this 19th day of April, 2012.

DELLECKER WILSON KING McKENNA
RUFFIER & SOS, LLP

BY: _____
        W. Doug Martin
        Florida Bar No. 0024248
        Robert H. Dellecker
        Florida Bar No. 0379581
        719 Vassar Street
        Orlando, Florida  32804
        407/244-3000
        Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR
SEMINOLE COUNTY, FLORIDA

CASE NO.

KAREN D. GEHL,

    Plaintiff,

-vs-

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

    Defendants.

_____/

## PLAINTIFF'S FIRST SET OF REQUEST FOR
## ADMISSION DIRECTED TO BRAND TRUCKING LTD.

    Plaintiff, KAREN D. GEHL, by and through the undersigned attorneys, and pursuant to Rule 1.370, Florida Rules of Civil Procedure, request the Defendant, BRAND TRUCKING LTD., to admit the truth of the matters set forth and numbered below within forty (45) days of the date these Request for Admission were served upon the Defendant.

### PRELIMINARY STATEMENT

    Your attention is directed to Rule 1.370, Florida Rules of Civil Procedure, which provides that any denial shall be specifically made or set forth in detail the reasons why you cannot truthfully admit or deny the matter. Any denial shall fairly meet the substance of the requested admission. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the requested admission.

### DEFINITION

    As used in this set of Request for Admission, the term "the Defendant vehicle" refers to a 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

1.    The Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, has properly asserted personal jurisdiction over the Defendant, BRAND TRUCKING LTD.

2.    At the time of the motor vehicle collision alleged in the Complaint, the Defendant, BRAND TRUCKING LTD., was the RECORD TITLE owner and beneficial owner of a 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753 (hereinafter referred to as "the Defendant vehicle").

3.    At the time of the motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was the RECORD TITLE owner and beneficial owner of a 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

4.    At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was the RECORD TITLE owner and beneficial owner of a 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

5.    At the time of the motor vehicle collision alleged in the Complaint, BRAND TRUCKING LTD was the LESSOR of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

6.    At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was the LESSOR of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

7.    At the time of the motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was the LESSOR of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

8.    At the time of the motor vehicle collision alleged in the Complaint, BRAND TRUCKING LTD was the LESSEE of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

9. At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was the LESSEE of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

10. At the time of the motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was the LESSEE of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

11. At the time of the motor vehicle collision alleged in the Complaint, BRAND TRUCKING LTD was the MOTOR CARRIER for the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

12. At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was the MOTOR CARRIER for the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

13. At the time of the motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was the MOTOR CARRIER for the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

14. In the 24 hours prior to the motor vehicle accident alleged in the Complaint, the Defendant, BRAND TRUCKING LTD., individually and/or by and through its agents, servants or employees, inspected the Defendant vehicle.

15. In the 24 hours prior to the motor vehicle accident alleged in the Complaint, the Defendant, BRAND TRUCKING LTD., individually and/or by and through its agents, servants and employees, performed routine maintenance on the Defendant vehicle.

16. In the 24 hours prior to the motor vehicle accident alleged in the Complaint, the Defendant, WARREN W. LYMAN, individually and/or by and through its agents, servants or employees, inspected the Defendant vehicle.

3

17.     In the 24 hours prior to the motor vehicle accident alleged in the Complaint, the Defendant, WARREN W. LYMAN, individually and/or by and through its agents, servants and employees, performed routine maintenance on the Defendant vehicle.

18.     In the 24 hours prior to the motor vehicle accident alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL, individually and/or by and through its agents, servants or employees, inspected the Defendant vehicle.

19.     In the 24 hours prior to the motor vehicle accident alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL, individually and/or by and through its agents, servants and employees, performed routine maintenance on the Defendant vehicle.

20.     At the time of the said motor vehicle collision alleged in the Complaint, there were no mechanical defects in the Defendant vehicle.

21.     At the time of the said motor vehicle collision alleged in the Complaint, Defendant, BRAND TRUCKING LTD. was in lawful possession of the Defendant vehicle.

22.     At the time of the said motor vehicle collision alleged in the Complaint, Defendant, WARREN W. LYMAN, was in lawful possession of the Defendant vehicle.

23.     At the time of the said motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was in lawful possession of the Defendant vehicle.

24.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was operating the Defendant vehicle.

25.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was operating the Defendant vehicle with the consent of Defendant BRAND TRUCKING LTD.

26.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was operating the Defendant vehicle with the consent of DIRECT TRANSPORT LTD dba DTL.

27.   At approximately 7:16 A.M. on February 24, 2009, Defendant WARREN W. LYMAN was operating the "subject tractor" as referenced in the Complaint when said vehicle struck the vehicle being operated by Plaintiff, KAREN GEHL, as alleged in the Complaint.

28.   At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN negligently operated the "subject tractor" as referenced in the Complaint, causing said vehicle to strike the vehicle being operated by Plaintiff, KAREN GEHL.

29.   KAREN GEHL sustained permanent bodily injuries as a direct and proximate result of the motor vehicle collision described in the Complaint.

30.   At the time of the motor vehicle collision alleged in the Complaint, the Defendant, WARREN W. LYMAN was under a duty to operate the Defendant vehicle in a reasonable manner and with due care so as to avoid creating an unreasonable risk of harm to others including the Plaintiff, KAREN GEHL.

31.   At the time of the motor vehicle collision alleged in the Complaint, Defendant, WARREN W. LYMAN was under a duty to maintain a proper lookout in front of the Defendant vehicle in order to avoid collisions of the type described in the Complaint.

32.   At the time of the said motor vehicle collision alleged in the Complaint, the Defendant, WARREN W. LYMAN, was under a duty to operate the Defendant vehicle so as to avoid motor vehicle collisions of the type described in the Complaint.

33.   At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an employee of BRAND TRUCKING, LTD.

34.   At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an agent of BRAND TRUCKING, LTD.

35.   At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an independent contractor of BRAND TRUCKING, LTD.

36.   At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an employee of DIRECT TRANSPORT LTD dba DTL.

37.    At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an agent of DIRECT TRANSPORT LTD dba DTL.

38.    At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an independent contractor of DIRECT TRANSPORT LTD dba DTL.

DATED: April 19, 2012.

**DELLECKER WILSON KING McKENNA RUFFIER & SOS A Limited Liability Partnership**

BY: _____

W. Doug Martin
Florida Bar No. 0024248
719 Vassar Street
Orlando, Florida  32804
407/244-3000
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR
SEMINOLE COUNTY, FLORIDA

CASE NO.

KAREN D. GEHL,

    Plaintiff,

-vs-

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

    Defendants.

_____/

## PLAINTIFF'S FIRST SET OF REQUEST FOR
## ADMISSION DIRECTED TO WARREN W. LYMAN

Plaintiff, KAREN D. GEHL, by and through the undersigned attorneys, and pursuant to Rule 1.370, Florida Rules of Civil Procedure, request the Defendant, WARREN W. LYMAN to admit the truth of the matters set forth and numbered below within forty (45) days of the date these Request for Admission were served upon the Defendant.

## PRELIMINARY STATEMENT

Your attention is directed to Rule 1.370, Florida Rules of Civil Procedure, which provides that any denial shall be specifically made or set forth in detail the reasons why you cannot truthfully admit or deny the matter. Any denial shall fairly meet the substance of the requested admission. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the requested admission.

## DEFINITION

As used in this set of Request for Admission, the term "the Defendant vehicle" refers to a 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

1.     The Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County, Florida, has properly asserted personal jurisdiction over the Defendant, WARREN W. LYMAN.

2.     At the time of the motor vehicle collision alleged in the Complaint, the Defendant, BRAND TRUCKING LTD., was the RECORD TITLE owner and beneficial owner of a 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753 (hereinafter referred to as "the Defendant vehicle").

3.     At the time of the motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was the RECORD TITLE owner and beneficial owner of a 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

4.     At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was the RECORD TITLE owner and beneficial owner of a 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

5.     At the time of the motor vehicle collision alleged in the Complaint, BRAND TRUCKING LTD was the LESSOR of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

6.     At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was the LESSOR of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

7.     At the time of the motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was the LESSOR of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

8.     At the time of the motor vehicle collision alleged in the Complaint, BRAND TRUCKING LTD was the LESSEE of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

9.     At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was the LESSEE of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

10.     At the time of the motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was the LESSEE of the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

11.     At the time of the motor vehicle collision alleged in the Complaint, BRAND TRUCKING LTD was the MOTOR CARRIER for the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

12.     At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was the MOTOR CARRIER for the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

13.     At the time of the motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was the MOTOR CARRIER for the 2004 Freightliner bearing Vehicle License Number 45933, and Vehicle Identification Number 1FUJBBAVX4LM93753.

14.     In the 24 hours prior to the motor vehicle accident alleged in the Complaint, the Defendant, BRAND TRUCKING LTD., individually and/or by and through its agents, servants or employees, inspected the Defendant vehicle.

15.     In the 24 hours prior to the motor vehicle accident alleged in the Complaint, the Defendant, BRAND TRUCKING LTD., individually and/or by and through its agents, servants and employees, performed routine maintenance on the Defendant vehicle.

16.     In the 24 hours prior to the motor vehicle accident alleged in the Complaint, the Defendant, WARREN W. LYMAN, individually and/or by and through its agents, servants or employees, inspected the Defendant vehicle.

17.     In the 24 hours prior to the motor vehicle accident alleged in the Complaint, the Defendant, WARREN W. LYMAN, individually and/or by and through its agents, servants and employees, performed routine maintenance on the Defendant vehicle.

18.     In the 24 hours prior to the motor vehicle accident alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL, individually and/or by and through its agents, servants or employees, inspected the Defendant vehicle.

19.     In the 24 hours prior to the motor vehicle accident alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL, individually and/or by and through its agents, servants and employees, performed routine maintenance on the Defendant vehicle.

20.     At the time of the said motor vehicle collision alleged in the Complaint, there were no mechanical defects in the Defendant vehicle.

21.     At the time of the said motor vehicle collision alleged in the Complaint, Defendant, BRAND TRUCKING LTD. was in lawful possession of the Defendant vehicle.

22.     At the time of the said motor vehicle collision alleged in the Complaint, Defendant, WARREN W. LYMAN, was in lawful possession of the Defendant vehicle.

23.     At the time of the said motor vehicle collision alleged in the Complaint, DIRECT TRANSPORT LTD dba DTL was in lawful possession of the Defendant vehicle.

24.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was operating the Defendant vehicle.

25.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was operating the Defendant vehicle with the consent of Defendant BRAND TRUCKING LTD.

26.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was operating the Defendant vehicle with the consent of DIRECT TRANSPORT LTD dba DTL.

27.     At approximately 7:16 A.M. on February 24, 2009, Defendant WARREN W. LYMAN was operating the "subject tractor" as referenced in the Complaint when said vehicle struck the vehicle being operated by Plaintiff, KAREN GEHL, as alleged in the Complaint.

28.     At the time of the motor vehicle collision alleged in the Complaint, WARREN W. LYMAN negligently operated the "subject tractor" as referenced in the Complaint, causing said vehicle to strike the vehicle being operated by Plaintiff, KAREN GEHL.

29.     KAREN GEHL sustained permanent bodily injuries as a direct and proximate result of the motor vehicle collision described in the Complaint.

30.     At the time of the motor vehicle collision alleged in the Complaint, the Defendant, WARREN W. LYMAN was under a duty to operate the Defendant vehicle in a reasonable manner and with due care so as to avoid creating an unreasonable risk of harm to others including the Plaintiff, KAREN GEHL.

31.     At the time of the motor vehicle collision alleged in the Complaint, Defendant, WARREN W. LYMAN was under a duty to maintain a proper lookout in front of the Defendant vehicle in order to avoid collisions of the type described in the Complaint.

32.     At the time of the said motor vehicle collision alleged in the Complaint, the Defendant, WARREN W. LYMAN, was under a duty to operate the Defendant vehicle so as to avoid motor vehicle collisions of the type described in the Complaint.

33.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an employee of BRAND TRUCKING, LTD.

34.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an agent of BRAND TRUCKING, LTD.

35.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an independent contractor of BRAND TRUCKING, LTD.

36.     At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an employee of DIRECT TRANSPORT LTD dba DTL.

37.    At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an agent of DIRECT TRANSPORT LTD dba DTL.

38.    At the time of the said motor vehicle collision alleged in the Complaint, WARREN W. LYMAN was an independent contractor of DIRECT TRANSPORT LTD dba DTL.

DATED: April 19, 2012.

DELLECKER WILSON KING
McKENNA RUFFIER & SOS
A Limited Liability Partnership

BY: _____

W. Doug Martin
Florida Bar No. 0024248
719 Vassar Street
Orlando, Florida   32804
407/244-3000
Attorney for Plaintiff

6

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL,

    Plaintiff,

-vs-                                    CASE NO.

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

    Defendants.

_____/

## PLAINTIFF'S REQUEST TO PRODUCE

    Plaintiff, KAREN D. GEHL, by and through the undersigned attorney, and in accordance with Rule 1.350, Florida Rules of Civil Procedure, requests the Defendant, BRAND TRUCKING, LTD, to produce to the Plaintiff, within forty-five (45) days of service, at the offices of the undersigned attorney, 719 Vassar Street, Orlando, Florida, 32804, the following:

### DEFINITIONS

A.    The term "tractor trailer driver" or "driver" as used herein means any person employed, or contracted for or with, or by any of the Defendants named in this lawsuit, including persons known as co-drivers, independent contractors, owner operators, or trip lessors and includes person provided to Defendant, as drivers by other organizations who perform driving services for or on behalf of Defendant.

B.    The term "co-driver" as used herein means any person(s) driving or accompanying the driver in motor carrier equipment owned or operated by any of the Defendants, and any person(s) working for or with driver in the capacity and/or position of a co-driver.

C.    The term "person" as used herein means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body or any other organization, tractor traileriness or legal entity, and all predecessors or successors in interest.

D.    The term "CFR" as used herein means the "Code of Federal Regulations". Title 49-Transportation, U.S. Department of Transportation, Chapter 3, Federal Motor Carrier Safety Administration, Subchapter B – Parts 382 through 397 titled the "Federal Motor Carrier Safety Regulations" which were in effect on the date(s) of the crash in question, i.e. **February 24, 2009**.

E.     The term "operational or trip related documents" as used herein means records
       generated by the driver or co-driver of the tractor trailer involved in the crash on
       **February 24, 2009.**

F.     The term "maintenance files and records" includes, but is not limited to, all tractor
       trailer daily vehicle inspection reports, annual inspections, work or repair orders,
       equipment parts or accessory lists, accounting records, bills, or notes of repairs or
       maintenance, maintenance files and records, and any other related documents.

G.     The term "crash" or "incident" as used herein shall refer to the crash that occurred on
       **February 24, 2009** in Seminole County, Florida, between the tractor trailer being
       then and there operated by now Defendant WARREN W. LYMAN and the vehicle
       being then and there operated by now Plaintiff KAREN GEHL and which such crash
       is the subject of this lawsuit.

H.     The term "Defendant" as used herein shall refer to and mean Defendant BRAND
       TRUCKING LTD as named herein, and any of its officers, agents, representatives or
       employees responsible for the management, maintenance, operation or driving of
       commercial motor vehicles, or the hiring, supervising, training, assigning or
       dispatching of drivers, and any independent contractors hired by, or working for,
       them unless otherwise specifically described herein or excluded from this definition.

I.     The term "TRACTOR TRAILER" as used herein shall generally refer to the
       commercial motor vehicle being operated by WARREN W. LYMAN at the time and
       place of the crash, and unless otherwise described herein, is meant to describe a
       vehicle designed, constructed and or used for the transportation of passengers on a
       highway in interstate commerce for compensation.

J.     Unless otherwise specifically stated herein, each request for the production of
       documents herein shall be for the time period beginning with February 25, 2006 and
       through and including six (6) months after the date of the crash, i.e., **February 24,
       2009.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce every policy or procedure manual provided at any time to WARREN W. LYMAN by Defendant BRAND TRUCKING LTD.

2.    Please produce all documents reflecting the policies or procedures regarding safety, motor vehicle/tractor trailer safety, travel policy, sleep and rest requirements, vehicle inspection, driver standards and hiring requirements that were in effect at the time of the incident.

3.    Please provide Defendant's employee handbook that was in effect on **February 24, 2009**.

4.    Please produce a copy of the driver manual, company handbook, or their equivalent issued to WARREN W. LYMAN.

5.    Please produce a copy of the Defendant company safety rules, policies or procedures or their equivalent issued by Defendant to WARREN W. LYMAN at any time.

6.    Please produce all documents, books, reports, manuals, policies and memoranda setting forth defendant's safety rules and regulations with respect to the passengers, loading, securing the load or operation of tractor trailers, and fatigued driving.

7.    Please produce any and all sign-in sheets, attendance records or documents which indicate the dates on which any driving, job, loading, securing or safety training was provided to WARREN W. LYMAN by Defendant.

8.    Please produce all policies or procedures of Defendant relating to accident or injury investigation or reporting that were in effect on the date of the crash.

9.    Please produce all the accident register to include the motor vehicle collision with Plaintiff and all accidents three (3) years prior to **February 24, 2009**.

10.    Please produce a complete and clearly readable copy of any and all guidelines, policies, procedures, executives or administrator's notices, directives, bulletins, publications and manuals of any type or otherwise described written instructions in reference to the day-to-day tractor trailer operating and safety procedures to be followed by their company personnel, managers, supervisors, dispatchers and drivers.    Specifically, any document relative to disciplinary policies or procedures for late passenger delivery/arrivals, motor fleet safety or failure to comply with the regulations in existence and effective on **February 24, 2009**.

11.    Please produce the entire qualification file of WARREN W. LYMAN (regardless of subject, form, purpose, originator, receiver, title or description).

12.    Please produce any job, driver, independent contractor or employment application filled out or signed by WARREN W. LYMAN.

13.    Please produce the entire driver investigative history file or its equivalent for BRAND TRUCKING LTD.

14.    Please produce all inquires to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by the Defendant or other organizations on behalf of Defendant, from state or federal governmental agencies or other organizations, relative to WARREN W. LYMAN traffic and accident records.

15.    Please produce any and all documents reflecting any background check performed on WARREN W. LYMAN with regard to his employment history or job references, including letters of reference.

16.    Please provide any and all documents reflecting any background check performed on WARREN W. LYMAN with regard to his driver's record (including, but not limited to, traffic tickets, collisions, and prior employment as a driver).

17.    Please produce all documents received, obtained or filed by Defendant when qualifying WARREN W. LYMAN in accordance with the Federal Motor Carrier Safety Regulations.

18.    Please produce any and all documents reflecting any background check performed by Defendant on WARREN W. LYMAN with regard to his criminal history.

19.    Please produce copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carrier drivers to WARREN W. LYMAN or his co-workers.

20.    Please produce all road and written test certificates issued by Defendant or any other motor carrier/tractor trailer or organization to WARREN W. LYMAN regardless of the date issued or the originator of such certificates.

21.    Please produce all actual driver's motor carrier/tractor trailer written tests administered to WARREN W. LYMAN including all answers.

22.    Please produce the entire drug and alcohol file of WARREN W. LYMAN including, but not limited to, pre-employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

23.    Please produce a copy of the job description of the position that WARREN W. LYMAN was initially hired, employed or retained to perform for Defendant.

24.    Please produce a copy of the job description of the position or job that WARREN W. LYMAN was performing at the time of the incident.

25.    Please produce a copy of any driver's license issued to WARREN W. LYMAN.

26.    Please produce the entire personnel file of WARREN W. LYMAN.

27.    Please produce any and all evaluations of the job performance of WARREN W. LYMAN.

28.    Please produce any and all letters, writings, memoranda, or any other documents which reflect or contain the resignation or termination of the employment or contractual relationship of WARREN W. LYMAN with Defendant.

29.    Please produce copies of each annual review of WARREN W. LYMAN's driving record.

30.    Please produce a record of WARREN W. LYMAN's violations, as required by the Federal Motor Carrier Safety Regulations for the past 10 years.

31.    Please produce copies of any documentation evidencing the completion or non-completion of training programs, safety driving programs, and driver orientation programs by WARREN W. LYMAN for Defendant.

32.    Please produce any and all state safety audits for WARREN W. LYMAN for the year of the collision and three years prior.

33.    Please produce any and all long form DOT physicals for WARREN W. LYMAN.

34.    Please produce all documents relating to any disqualification of WARREN W. LYMAN made pursuant to any Federal Motor Carrier Safety Regulation.

35.    Please produce any and all optical vision, or ophthalmic records concerning WARREN W. LYMAN regardless of what person or entity created them.

36.    Please produce prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to WARREN W. LYMAN.

37.    Please produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of WARREN W. LYMAN for the five years prior to the collision involving Plaintiff.

38.    Please produce any correspondence related to the operation of any truck, tractor trailor, or motor vehicle operated at any time by WARREN W. LYMAN (including letters of warning, records of disciplinary or other actions taken against him, etc.) as required by the Federal Motor Carrier Safety Regulations.

39.     Please produce any and all federal accident reports filed for WARREN W. LYMAN the year of this collision and three years prior.

40.     Please produce any and all DOT inspection reports filed for BRAND TRUCKING LTD at any time during the year **February 24, 2009**.

41.     Please produce the latest petition or complaint filed in any lawsuit (other than this lawsuit) against Defendant or Defendant's employees, agents, servants, independent contractors, or subcontractors, which alleges that any actions or omissions of WARREN W. LYMAN caused any damages.

42.     Please produce the latest petition or complaint filed in any lawsuit (other than this lawsuit) against Defendant or Defendant's employees, agents, servants, independent contractors, or subcontractors, which alleges that any actions or omissions of BRAND TRUCKING, LTD. caused any damages.

43.     Please produce all accident reports prepared by any law enforcement agency, governmental agency, person or company concerning any vehicular collisions, accidents, incidents, injuries or deaths involving WARREN W. LYMAN.

44.     Please produce any other file kept concerning WARREN W. LYMAN by Defendant not identified or requested specifically herein.

45.     Please produce any and all memoranda, policies, contracts, letters, agreements or documents which reflect the method by which the wages or earnings of WARREN W. LYMAN were computed when he was employed by or contracting with Defendant in **February 24, 2009**.

46.     Please produce any and all paychecks or checks for earnings given to WARREN W. LYMAN for any work performed by him for 6 months prior to and including the date of the crash, and for a period of two (2) months thereafter.

47.     Please produce any W2 or 1099 provided to WARREN W. LYMAN for any wages, salary or compensation earned by him during the years 2007 to the present.

48.     Please produce any and all cancelled checks of any kind paid to WARREN W. LYMAN for 12 months prior and six months after the crash.

49.     Please produce any and all payroll and benefit records for WARREN W. LYMAN for five years prior to the collision to one year after.

50.     Please produce all leases and contracts that were in effect for the tractor trailer being operated by WARREN W. LYMAN on the day of the crash.

51.     Please produce any and all titles, contracts, letters, leases or payments reflecting the first termination or completion of any lease since the date of the crash, related to the tractor trailer being operated by WARREN W. LYMAN on the day of the crash.

52.   Please produce any title related to the tractor trailer operated by WARREN W. LYMAN on the day of the crash.

53.   Please produce each rental or lease agreement related to the tractor trailer operated by WARREN W. LYMAN on the day of the crash.

54.   Please produce all lease agreements, employment agreements, independent contractor agreements, or any other agreements between WARREN W. LYMAN and Defendant.

55.   If the tractor trailer operated by WARREN W. LYMAN on the day of the crash has been sold or leased since the incident, produce any and all titles, contracts, letters or payments reflecting the first sale or lease of the tractor trailer that was entered into after the incident.

56.   Please produce any and all assumed name (or "d/b/a") records filed in any clerk's office or governmental office in Florida concerning or by Defendant.

57.   Please produce any and all assumed name (or "d/b/a") records filed in any clerk's office or governmental office in North Dakota concerning or by Defendant.

58.   Please produce complete and clearly readable copies of any and all trip leases or trip contracts involving WARREN W. LYMAN and his co-drivers along with all related documentation issued to or created or received by Defendant. Specifically, any trip leases negotiated between the related documentation.  Related documentation consists of any documents created or generated in reference to each trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier/tractor trailer certification of driver's qualification and include other documents that relate to the billing and payment for such movement of freight, or passengers, or both, along with all other types of documentation regardless of form or description that are relative to each occurrence involving the services and activities of WARREN W. LYMAN and/or his co-drivers.

59.   Please produce complete and clearly readable copies of all maintenance files and records (see **Definition "F"**) from one year prior to the crash and for a period of six months afterwards, maintained by Defendant on the tractor trailer (see **Definition "G"**) involved in the crash inclusive of any inspections, repairs or maintenance done to the tractor trailer.

60.   Please produce all documents prepared concerning all inspections performed on the tractor trailer involved in this crash.

61.   Please produce copies of all inspection reports for the vehicle which were conducted by state or municipal law enforcement agencies, or any state or municipal statutes or ordinances from February 25, 2008 through February 25, 2010.

62.   Please produce any and all maintenance records, repair records, invoices, checks, payments or billing records which reflect or manifest any maintenance, inspection, improvement, testing or repair of the tractor trailer since **February 24, 2009.**

63.     Please produce a copy of any vehicle inspection report made by WARREN W. LYMAN during the month of **February 2009**.

64.     Please produce a copy of any vehicle inspection report for the tractor trailer by any person, company or agency during the months of February 2009 and March 2009.

65.     Please produce receipts for all equipment maintenance for the tractor trailer since February 25, 2008 through February 23, 2010.

66.     Please produce any and all DOT and State inspections of the tractor trailer involved in the crash for the year of the collision and one year prior.

67.     Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance and costs for the tractor trailer involved in the collision with Plaintiff.

68.     Please produce complete and clearly readable copies of the maintenance files and records (see **Definition "F"**) created from (at least one year prior to the accident) maintained by Defendant on the tractor trailer (see **Definition "H"**) pulled by WARREN W. LYMAN.

69.     Please produce all driver daily vehicle inspection reports (DVIRs) submitted by any driver(s) from 30 days prior to the crash and for six months thereafter, in the possession of Defendant. This specifically includes all of the driver daily condition reports, maintenance files and records maintained by any other organization from who WARREN W. LYMAN or Defendant may have borrowed, rented or leased the tractor trailer or who performed maintenance services for or on behalf of WARREN W. LYMAN or Defendant.

70.     Please produce complete and clearly readable copies of all driver's record of duty status or driver's daily logs and 70/60 hour and 8/7 day summaries or otherwise described time worked records created by WARREN W. LYMAN and/or any of his co-driver(s) for the period from (at least 60 days prior to the accident and for 30 days after the accident) in the possession of Defendant.  This includes all logs prepared by any co-driver(s) operating with WARREN W. LYMAN from (at least 30 days prior to the accident).

71.     Please provide all unofficial logs of WARREN W. LYMAN for the six months before the collision involving Plaintiff and for 30 days after the collision.

72.     Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for WARREN W. LYMAN for the month of the collision.

73.     Please produce the printout(s) from any commercial software program (e.g. JJ Keller's LogChecker) or customized program used to record and audit WARREN W. LYMAN's log book entries for the one year preceding the **February 24, 2009** motor vehicle collision with Plaintiff, and for the date of the crash, and for three months thereafter.

74.     Please produce all cellular telephone records and bills for any cellular telephone that was available to WARREN W. LYMAN on the date of the incident and for the 60 days prior to the crash, that was in the name of WARREN W. LYMAN on the date of the crash, or that was in the vehicle on the date of the crash.

75.     Please produce all email, fax and test messages sent by or to WARREN W. LYMAN to or from Defendant at anytime from January 25, 2009 through March 23, 2009.

76.     Please produce any and all driver call-in records, faxes, notes, logs or email indicating communications between Defendant and WARREN W. LYMAN on the date of the crash, and including at any time from January 25, 2009 through March 23, 2009.

77.     Please produce all telephone calling card transactions of WARREN W. LYMAN at any time from January 25, 2009 through March 23, 2009.

78.     Please produce all text messages related to the crash.

79.     Please produce complete and clearly readable copies of any driver (see **Definition "A"**) call-in records or otherwise described written or computer (all screen) records indicating any communications between Defendant and WARREN W. LYMAN.

80.     Please produce complete and clearly readable copies of all initial or rough driver's trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary paid to WARREN W. LYMAN in reference to WARREN W. LYMAN's trip(s). This specifically includes any summary type documents showing all payments made to WARREN W. LYMAN and/or his co-drivers regardless of the purpose of payment or period of time payment was made for.

81.     Please produce any and all mileage logs and travel reimbursement records for WARREN W. LYMAN for the months of January 2009, February 2009 and March 2009.

82.     Please produce any and all loading and unloading receipts for WARREN W. LYMAN from January 25, 2009 to March 23, 2009.

83.     Please produce any and all food receipts for WARREN W. LYMAN for the seven (7) days prior to and including the date of the crash.

84.     Please produce any schedule, calendar or day timer of WARREN W. LYMAN for the 30 days prior to and including the date of the crash.

85.     Please produce any and all credit card bills and receipts for WARREN W. LYMAN for the month of the including the date of the crash.

86.     Please produce any and all receipts for fuel for the tractor trailer for the seven (7) days prior to and including the date of the crash.

87.     Please produce any and all vouchers that were used by WARREN W. LYMAN for the 30 days prior to the date of the crash, and including the date of the crash.

88.     Please produce any and all documents, including any computer printouts, log, record or report regarding the fuel consumption for the seven (7) days prior to and including the date of the crash, of the tractor trailer, or any other vehicle which WARREN W. LYMAN was operating during that time period.

89.     Please produce copies of any and all fuel tax reports of WARREN W. LYMAN for the year of this crash.

90.     Please produce any and all receipts for all bridges or toll road fees incurred or paid by WARREN W. LYMAN or for the tractor trailer, for the seven (7) days prior to this crash including the date of the crash, and the three (3) days following the date of the crash.

91.     Please produce complete and clearly readable copies of any and all motor carrier or driver created trip fuel mileage and purchase reports or records.  This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source such as the organization know as 'COMCHEK" or generated for or by Defendant showing date, time and location of fueling or other purchases inclusive of case advances to WARREN W. LYMAN and/or his co-workers while on the trips requested herein.

92.     Please produce complete and clearly readable copies of WARREN W. LYMAN's trip reports and/or trip envelopes, daily loads delivered or picked up reports or any otherwise titled or described work reports, work schedule reports, fuel purchased or monthly cargo transported, time and/or distance traveled reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status."

93.     Please produce complete and clearly readable copies of all receipts for any trip expenses or purchases made by WARREN W. LYMAN or his co-driver during a trip regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, and all otherwise described receipts regardless of the type of objects or services purchased.

94.     Please produce complete and clearly readable copies of all cargo pickup and delivery documents prepared by Defendant, any transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other person or organizations relative to the cargo transported and the operations of WARREN W. LYMAN.

95.     Please produce complete and clearly readable copies of any and all written requests, letters, memoranda instructions or orders, for transportation of cargo prepared by Defendant, any transportation brokers, involved shippers or receivers, motor carrier operations/dispatch or sales personnel, driver or other persons or organizations relative to the operations and cargo transported by WARREN W. LYMAN.

96.     Please produce complete and clearly readable copies of all bills of lading and/or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers of cargo or Defendant.  This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo pickup and delivered along with any other type of document that may show dates and times of cargo pickup or delivery that are relative to operations and cargo transported by WARREN W. LYMAN.

97.     Please produce complete and clearly readable copies of all equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and/or delivery dates and times or delays and/or detention of equipment relative to the operations of WARREN W. LYMAN.

98.     Please produce complete and clearly readable copies of all cargo transported freight bills, Pros or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate date and/or time of pick up or delivery of cargo by WARREN W. LYMAN or his co-driver(s).

99.     Please produce complete and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pick up, transportation and delivery, dates and times of pick up and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form.  This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of WARREN W. LYMAN.

100.    Please produce complete and clearly readable copies of all accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for Defendant by WARREN W. LYMAN and/or his co-driver(s).

101.    Please produce complete and clearly readable copies of all checks or otherwise described negotiable instruments issued to WARREN W. LYMAN or his co-driver(s) (see **Definition "B"**) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendants. Specifically copies of both the "front and back" of each check and/or comchek issued to WARREN W. LYMAN and/or any of his co-drivers are requested.

102.    Please produce complete and clearly readable copies of any and all state fuel or oversize special permits and any related documents or requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that relate to the movements of WARREN W. LYMAN and/or his co-driver(s) during the requested time period.

103.   Please produce all weight or weigh station records related to the tractor trailer, or any cargo carried by the tractor trailer, for the seven (7) days prior to this crash including the date of the crash.

104.   Please produce any and all maps, lists, memoranda or documents which set forth, describe or define the route or trip WARREN W. LYMAN was on, or to which WARREN W. LYMAN or the vehicle was assigned, on the day of the crash.

105.   Please produce complete and clearly readable copies of any and all other "operational or trip related documents" (see **Definition "E"**) created or received by the defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of Defendant and relative to the operations, activities, movements, cargo and trips accomplished by WARREN W. LYMAN and/or his co-drivers during the month of the incident.

106.   Please produce complete and clearly readable copies of any and all created electronic or satellite "vehicular movement recording documents or records" such as QualComm, HighwayMaster, American Mobile Satellite Corp., or any similar organization's records along with any tractor trailer trip recorder computer generated documents, electronic control module (ECM) tachograph charts, computer generated trip printouts (ECM) or any otherwise described documents generated by whatever means, in reference to the physical movement and/or geographical locations at a certain date and time of the tractor trailer involved in the accident from (at least 30 days prior to the accident).

107.   Please produce all records of WARREN W. LYMAN for the seven (7) days prior to the crash and for the day of the crash. Specifically, produce the supporting documents listed below:

| | |
|---|---|
| a. | Bills of lading |
| b. | Carrier pros |
| c. | Freight bills |
| d. | Dispatch records |
| e. | Driver call-in records |
| f. | Gate record receipts |
| g. | Weight/scale tickets |
| h. | Fuel billing statements and/or summaries |
| i. | Toll receipts |
| j. | International registration plan receipts |
| k. | International fuel tax agreement receipts |
| l. | Trip permits |
| m. | Lessor settlement sheets |
| n. | Port of entry receipts |
| o. | Cash advance receipts |
| p. | Delivery receipts |
| q. | Lumper receipts |
| r. | Interchange and inspection reports |
| s. | Over/short and damage reports |
| t. | Agricultural inspection reports |

u.   Commercial Vehicle Safety Alliance reports
v.   Accident reports
w.   Telephone billing statements
x.   Credit card receipts
y.   Driver fax reports
z.   On-board computer reports
aa.  Border crossing reports
bb.  Custom declarations
cc.  Traffic citations
dd.  Overweight/oversize reports and citations
ee.  And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation tractor traileriness.


106.   Please produce copies of any and all satellite communications and email for the day of the crash involving Plaintiff and seven (7) days prior, as well as all recorded ECM (electronic control module), EDR (event data recorder), and/or SDM (sensing and diagnostic module) chronological data with reference to all data available, including but not limited to:

a.   Trip distance
b.   Total vehicle driving time
c.   Load factor
d.   Vehicle speed limit
e.   Maximum vehicle speed recorded
f.   Number of hard brake incidents
g.   Current engine speed (rpm)
h.   Maximum and minimum cruise speed limits
i.   Total vehicle driving distance
j.   Fuel consumption (gal/hr)
k.   Idle time
l.   Engine governed speed
m.   Maximum engine speed recorded
n.   Current throttle position
o.   Brake switch status (on/off)
p.   Odometer
q.   Trip driving time
r.   Overall fuel economy (MPG)
s.   Average driving speed
t.   # of engine overspeeds
u.   # of vehicle overspeeds
v.   Current vehicle speed (MPH)
w.   Clutch switch status
x.   Clock
y.   Jake brake status

107.   Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

108.   Please produce any and all incident, accident or injury reports related to the crash that were prepared by BRAND TRUCKING LTD. or by any employee, owner, or agent of Defendant.

109.   Please produce any and all incident, accident or injury reports related to the crash that were prepared by any law enforcement agency.

110.   Please produce any and all incident, accident or injury reports or investigations related to the crash that were prepared by any department of transportation, NHTSA or OSHA.

111.   Please produce any and all incident, accident or injury reports related to the crash that were prepared by any person, company, or agency, other than any report prepared by law enforcement, or any department of transportation, NHTSA, OSHA, or any report prepared by BRAND TRUCKING LTD. or Defendant.

112.   Please produce any photographs taken of the tractor trailer operated by WARREN W. LYMAN at the scene of the crash, or any time after.

113.   Please produce any photographic, media coverage, film, videotape, moving pictures, electronic image or recording, or any audiotape which depicts, includes or contains the image of the scene of the crash (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

114.   Please produce any photograph, media coverage, film videotape, moving pictures, electronic image or recording, or any audiotape which depicts, includes or contains the image of the crash of its aftermath.

115.   Please produce any photograph, film, videotape, moving pictures, electronic imaging or recording, or any audiotape which depicts or contains the image of the tractor trailer (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

116.   Please produce any photograph, film, videotape, moving pictures, electronic image or recording, or any audiotape which depicts or contains the image of any property damage resulting from the crash (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

117.   Please produce any and all measurements related to the incident.

118.   Please produce a copy of any traffic citation issued to WARREN W. LYMAN related to the crash.

119.   Please produce any indictment, judgment and sentencing, check, receipt, invoice, plea papers, dismissal, probation, deferred adjudication, or any other writing related to or depicting how any criminal charges against WARREN W. LYMAN stemming from the crash was resolved, dismissed, terminated or paid.

120.    Please produce any and all email sent by, or to, Defendant (including its employees or agents) concerning the crash, and any Plaintiff, or witness. (You may exclude from your response hereto any email sent between only Defendant and any attorney representing Defendant).

121.    Please produce any and all email sent by, or to, WARREN W. LYMAN concerning the crash, and any Plaintiff, witness, or Defendant.

122.    Please produce all voice mail messages related to the crash that were created on **February 24, 2009.**

123.    Please produce all telephone records depicting telephone or cellular telephone calls placed or received on BRAND TRUCKING LTD. which relate to the crash.

124.    Please produce all call slips and telephone messages related to the crash that were created on BRAND TRUCKING LTD.

125.    Please produce every "witness statement", of any person who was involved in the crash, other than WARREN W. LYMAN.

126.    Please produce every "witness statement", of any person who perceived all or any part of the crash, or who came to the scene thereof within three hours after the crash.

127.    Please produce any and all estimates, appraisals, invoices, drawings, diagrams, photographs, videotapes, or checks related to any property damage which occurred as a result of the incident to any building, vehicle or object other than the motorcycle being driven by Plaintiff.

128.    Please produce any and all estimates, appraisals, invoices, drawings, diagrams, photographs, videotapes, or checks related to any property damage which occurred as a result of the crash to the motorcycle being driven by Plaintiff.

129.    Please produce any correspondence, letters, facsimiles, and email Defendant has received from the shipper of the cargo, or has sent to the shipper of the cargo, since the incident which concerns the incident, the cargo being shipped, damage to the cargo, the methods by which the cargo was loaded or secured, or any condition which caused or contributed to cause the crash.

130.    Please produce any release for any claim of property damage, personal injury or death that stems from the crash made the basis of this lawsuit.

131.    Please produce any checks, drafts, or other forms of payment related to any claim for property damage, personal injury, or death that stems from the crash made the basis of this lawsuit.

132.    Please produce every item which was removed from the tractor trailer on **February 24, 2009.**

133.    Please produce any and all indemnity or insurance agreements under which any person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse for payments made to satisfy any judgment herein.

134.    Please produce any and all insurance contracts which provide secondary or excess coverage to Defendant for any risk related to the crash.

135.    Please produce copies of all photographs, slides, motion pictures, videotapes, surveillance reports or other information relevant to surveillance of Plaintiff's activities from the date of the crash involving Plaintiff to the present.

136.    Please produce a copy of each primary, umbrella and excess insurance policy, or agreement, including the declarations page, for Defendant which was in effect at any time from the date that treatment first began until notice was given and received that this lawsuit had been filed which may make the respective insurance companies liable to satisfy all or part of any judgment which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations by you.

137.    Please produce any and all documents reflecting payments to any person or legal entity arising out of claims made against you arising out of the accident made the basis of this suit, whether paid by you or any person or entity (including insurance) on your behalf.

138.    Please produce all documents concerning any bills, attorney's fees, court costs, expenses, expert fees, formal or informal, that reduce the amount of liability insurance available to cover Plaintiff.

139.    Please produce copies of all applications and renewals for any insurance policies for the last ten (10) years.

140.    Please produce any reservation of rights letter pertaining to the claim which forms the basis of this lawsuit.

141.    Please produce all documents, records, reports or memoranda regarding Plaintiff from persons or entities that gather claim information, i.e., insurance claims and workers compensation claims, specifically including Harco National Insurance Company, and all similar persons or entities.

142.    A copy of any damage appraisal made of the tractor trailer (Defendant vehicle).

143.    A copy of any movies, videotape or other reproduction of the accident scene.

144.    Purchase orders and bills of sale for the tractor trailer operated by Defendant WARREN W. LYMAN at the time of the crash.

145.    Defendant WARREN W. LYMAN's personnel file at BRAND TRUCKING LTD.

146.   Any and all documents, electronic or otherwise, related to employment of Defendant WARREN W. LYMAN with BRAND TRUCKING LTD.

147.   Driver's log, whether electronic or otherwise.

148.   Any and all electronic data stored within the Engine Control Module (ECM) or any similar device.   This request includes but is not necessarily limited to GPS, fleet tracking technology, and electronic positioning data, records and reports.

149.   Any and all medical reports related to Defendant WARREN W. LYMAN covering his entire employment with BRAND TRUCKING LTD.

150.   Please produce a full and complete copy of each and every one of the items or materials which was, in any way, form or manner, a part of each driver safety course, program, presentation, class, lecture, or meeting presented by an officer, agent, representative employee, or independent contractor of Defendant BRAND TRUCKING LTD at any time during the years 2008 to **February 24, 2009** to, or for, any of Defendant BRAND TRUCKING LTD's then officers, agents, representatives, or employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers.   The items and materials requested include, but are not limited to, each of the following:

> (This request includes any documents or records which contain or reflect the dates each course was presented in that particular year, the names of each driver, dispatcher, officers, agent, representative or employee of BRAND TRUCKING LTD who were present, and any records showing who the instructor was who presented the course, its location and beginning and ending time.   This request also includes, but is not limited to any and all other books, documents, conferences, audits, audio recordings or presentations of any type, video recordings or presentations of any type, hand-outs, tests, test answers, log books, driver daily inspection reports, health information, attendance cards, attendance sheets, company policies, government documents, prescription information, drug use information, sleep apnea information, insomnia information, illness information, careful look-out information, reaction time information, perception time information, space management information, any information about following too closely, speed management information, conspicuity information, including but not limited to proper use of headlights, information about night driving, information about night driving, information about proper use of brakes, information about proper lane changing procedures, brochures, pamphlets, emails, faxes, texts, personnel records, driver records, medical records, traffic tickets, company procedures, company safety violations, individual driver safety reviews, individual driver audits, newspapers, magazines, journals, manuals, articles, web pages, web sites, papers, speaker's notes or articles, movies, DVDs, CDs, computer programs, software, digital information, medical information, notes, regulations, laws, or PowerPoint presentations used in any manner.

151.   Please produce a full and complete copy of each and every one of the items or materials which was in any way, form or manner, a part of each driver safety course, program, presentation, class, lecture, or meeting presented by an officer, agent, representative employee, or independent contractor of Defendant BRAND TRUCKING LTD at any time during the year 2008 to **February 24, 2009** to, or for, any of Defendant BRAND TRUCKING LTD then officers, agents, representatives, or employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers.  The items and materials requested include, but are not limited to, each of the following:

> (This request includes any document or records which contain or reflect the dates each course was presented in that particular year, and the names of each driver, dispatcher, officers, agent, representative, or employee of BRAND TRUCKING LTD. who were present, and any records showing who the instructor was who presented the course, its location and beginning and ending time. This request also includes, but is not limited to any and all other books, documents, conferences, audits, audio recordings or presentations of any type, hand-outs, tests, test answers, log books, driver daily inspection reports, health information, attendance cards, attendance sheets, company policies, government documents, prescription information, drug use information,   sleep apnea information, insomnia information, illness formation, careful look-out information, reaction time information, perception time information, space management information, any information about following too closely, speed management information, conspicuity information, including but not limited to proper use of headlights, information about night driving, information about proper use of brakes, information about proper lane changing procedures, brochures, pamphlets, e-mails, faxes, texts, personnel records, driver records, medical records, traffic tickets, company procedures, company safety violations, individual driver safety reviews, individual driver audits, newspapers, magazines, journals, manuals, articles, web pages, web sites, papers, speaker's notes or articles, movies, DVDs, CDs, computer programs, software digital information, medical information, notes, regulations, laws, or PowerPoint presentations used in any manner.)

152.   Please produce a full and complete copy of each and every one of the items or materials which was, in any way, form or manner, a part of each driver safety course, program, presentation, class, lecture, or meeting presented by an officer, agent, representative employee, or independent contractor of Defendant BRAND TRUCKING LTD then officers, agents, representatives, or employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers.  The items and materials requested include, but are not limited to, each of the following:

> (This request includes any documents or records which contain or reflect the dates each course was presented in that particular year, and the names of each driver, dispatcher, officer, agent, representative, or employee of BRAND TRUCKING LTD. who were present, and any records showing who the instructor was who presented the course, its location and beginning and ending time.  This request

also includes, but is not limited to and all other books, documents, conferences, audits, audio recordings or presentations of any type, hand-outs, tests, test answers, log books, driver daily inspection reports, health information, attendance cards, attendance sheets, company policies, government documents, prescription information, drug use information, sleep apnea information, insomnia information, illness information, careful look-out information, reaction time information, perception time information, space management information, any information about following too closely, speed management information, conspicuity information, including but not limited to proper use of headlights, information about night driving, information about proper use of brakes, information about proper lane changing procedures, brochures, pamphlets, emails, faxes, texts, personnel records, driver records,, medical records, traffic tickets, company procedures, company safety violations, individual driver safety reviews, individual drive audits, newspapers, magazines, journals, manuals, articles, web pages, web sites, papers, speaker's notes or articles, movies, DVDs, CDs, computer programs, software, digital information, medical information, notes, regulations, laws, or PowerPoint presentations used in any manner.)

153.   Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that reference BRAND TRUCKING, LTD and WARREN W. LYMAN.

154.   Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that reference BRAND TRUCKING, LTD and DIRECT TRANSPORT LTD dba DTL.

155.   Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that reference WARREN W. LYMAN and DIRECT TRANSPORT LTD dba DTL.

156.   Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that reference BRAND TRUCKING, LTD, DIRECT TRANSPORT LTD dba DTL, and WARREN W. LYMAN.

157.   Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that references BRAND TRUCKING, LTD.

158.   Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that references DIRECT TRANSPORT LTD dba DTL.

159.   Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that references WARREN W. LYMAN.

160.    Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that references the "Subject Tractor" referenced in the Complaint.

Dated: <u>April 19, 2012</u>

                              DELLECKER WILSON KING
                              McKENNA RUFFIER & SOS
                              A Limited Liability Partnership


BY: _____
                              W. Doug Martin
                              Florida Bar No. 0024248
                              719 Vassar Street
                              Orlando, Florida   32804
                              (407)244-3000
                              Attorney for Plaintiff

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
## CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL,

    Plaintiff,

-vs-                              CASE NO.

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

    Defendants.

_____/

### PLAINTIFF'S REQUEST TO PRODUCE

    Plaintiff, KAREN D. GEHL, by and through the undersigned attorney, and in accordance with Rule 1.350, Florida Rules of Civil Procedure, requests the Defendant, **WARREN W. LYMAN**, individually, to produce to the Plaintiff, within forty-five (45) days of service, at the offices of the undersigned attorney, 719 Vassar Street, Orlando, Florida, 32804, the following:

### DEFINITIONS

A.    The term "tractor trailer driver" or "driver" as used herein means any person employed, or contracted for or with, or by any of the Defendants named in this lawsuit, including persons known as co-drivers, independent contractors, owner operators, or trip lessors and includes person provided to Defendant, as drivers by other organizations who perform driving services for or on behalf of Defendant.

B.    The term "co-driver" as used herein means any person(s) driving or accompanying the driver in motor carrier equipment owned or operated by any of the Defendants, and any person(s) working for or with driver in the capacity and/or position of a co-driver.

C.    The term "person" as used herein means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body or any other organization, tractor traileriness or legal entity, and all predecessors or successors in interest.

D.    The term "CFR" as used herein means the "Code of Federal Regulations". Title 49-Transportation, U.S. Department of Transportation, Chapter 3, Federal Motor Carrier Safety Administration, Subchapter B – Parts 382 through 397 titled the "Federal Motor Carrier Safety Regulations" which were in effect on the date(s) of the crash in question, i.e. **February 24, 2009**.

E.  The term "operational or trip related documents" as used herein means records generated by the driver or co-driver of the tractor trailer involved in the crash on **February 24, 2009.**

F.  The term "maintenance files and records" includes, but is not limited to, all tractor trailer daily vehicle inspection reports, annual inspections, work or repair orders, equipment parts or accessory lists, accounting records, bills, or notes of repairs or maintenance, maintenance files and records, and any other related documents.

G.  The term "crash" or "incident" as used herein shall refer to the crash that occurred on **February 24, 2009** in Seminole County, Florida, between the tractor trailer being then and there operated by now Defendant WARREN W. LYMAN and the vehicle being then and there operated by now Plaintiff KAREN GEHL and which such crash is the subject of this lawsuit.

H.  The term "Defendant" as used herein shall refer to and mean Defendant BRAND TRUCKING LTD as named herein, and any of its officers, agents, representatives or employees responsible for the management, maintenance, operation or driving of commercial motor vehicles, or the hiring, supervising, training, assigning or dispatching of drivers, and any independent contractors hired by, or working for, them unless otherwise specifically described herein or excluded from this definition.

I.  The term "TRACTOR TRAILER" as used herein shall generally refer to the commercial motor vehicle being operated by WARREN W. LYMAN at the time and place of the crash, and unless otherwise described herein, is meant to describe a vehicle designed, constructed and or used for the transportation of passengers on a highway in interstate commerce for compensation.

J.  Unless otherwise specifically stated herein, each request for the production of documents herein shall be for the time period beginning with February 25, 2006 and through and including six (6) months after the date of the crash, i.e., **February 24, 2009.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce every policy or procedure manual provided at any time to WARREN W. LYMAN by Defendant BRAND TRUCKING LTD.

2.      Please produce all documents reflecting the policies or procedures regarding safety, motor vehicle/tractor trailer safety, travel policy, sleep and rest requirements, vehicle inspection, driver standards and hiring requirements that were in effect at the time of the incident.

3.      Please provide Defendant's employee handbook that was in effect on **February 24, 2009**.

4.      Please produce a copy of the driver manual, company handbook, or their equivalent issued to WARREN W. LYMAN.

5.      Please produce a copy of the Defendant company safety rules, policies or procedures or their equivalent issued by Defendant to WARREN W. LYMAN at any time.

6.      Please produce all documents, books, reports, manuals, policies and memoranda setting forth defendant's safety rules and regulations with respect to the passengers, loading, securing the load or operation of tractor trailers, and fatigued driving.

7.      Please produce any and all sign-in sheets, attendance records or documents which indicate the dates on which any driving, job, loading, securing or safety training was provided to WARREN W. LYMAN by Defendant.

8.      Please produce all policies or procedures of Defendant relating to accident or injury investigation or reporting that were in effect on the date of the crash.

9.      Please produce all the accident register to include the motor vehicle collision with Plaintiff and all accidents three (3) years prior to **February 24, 2009**.

10.     Please produce a complete and clearly readable copy of any and all guidelines, policies, procedures, executives or administrator's notices, directives, bulletins, publications and manuals of any type or otherwise described written instructions in reference to the day-to-day tractor trailer operating and safety procedures to be followed by their company personnel, managers, supervisors, dispatchers and drivers.   Specifically, any document relative to disciplinary policies or procedures for late passenger delivery/arrivals, motor fleet safety or failure to comply with the regulations in existence and effective on **February 24, 2009**.

11.     Please produce the entire qualification file of WARREN W. LYMAN (regardless of subject, form, purpose, originator, receiver, title or description).

12.     Please produce any job, driver, independent contractor or employment application filled out or signed by WARREN W. LYMAN.

13.     Please produce the entire driver investigative history file or its equivalent for BRAND TRUCKING LTD.

14.     Please produce all inquires to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by the Defendant or other organizations on behalf of Defendant, from state or federal governmental agencies or other organizations, relative to WARREN W. LYMAN traffic and accident records.

15.     Please produce any and all documents reflecting any background check performed on WARREN W. LYMAN with regard to his employment history or job references, including letters of reference.

16.     Please provide any and all documents reflecting any background check performed on WARREN W. LYMAN with regard to his driver's record (including, but not limited to, traffic tickets, collisions, and prior employment as a driver).

17.     Please produce all documents received, obtained or filed by Defendant when qualifying WARREN W. LYMAN in accordance with the Federal Motor Carrier Safety Regulations.

18.     Please produce any and all documents reflecting any background check performed by Defendant on WARREN W. LYMAN with regard to his criminal history.

19.     Please produce copies of all road or written test cards, medical cards, motor carrier certification of driver qualification cards and any other motor carrier transportation related cards in the possession of Defendant regardless of card issuance date or origin. This specifically includes cards, as previously described herein, issued by other motor carrier drivers to WARREN W. LYMAN or his co-workers.

20.     Please produce all road and written test certificates issued by Defendant or any other motor carrier/tractor trailer or organization to WARREN W. LYMAN regardless of the date issued or the originator of such certificates.

21.     Please produce all actual driver's motor carrier/tractor trailer written tests administered to WARREN W. LYMAN including all answers.

22.     Please produce the entire drug and alcohol file of WARREN W. LYMAN including, but not limited to, pre-employment, post accident, random, reasonable suspicion, and return to duty drug and alcohol testing results.

23.     Please produce a copy of the job description of the position that WARREN W. LYMAN was initially hired, employed or retained to perform for Defendant.

24.     Please produce a copy of the job description of the position or job that WARREN W. LYMAN was performing at the time of the incident.

25.    Please produce a copy of any driver's license issued to WARREN W. LYMAN.

26.    Please produce the entire personnel file of WARREN W. LYMAN.

27.    Please produce any and all evaluations of the job performance of WARREN W. LYMAN.

28.    Please produce any and all letters, writings, memoranda, or any other documents which reflect or contain the resignation or termination of the employment or contractual relationship of WARREN W. LYMAN with Defendant.

29.    Please produce copies of each annual review of WARREN W. LYMAN's driving record.

30.    Please produce a record of WARREN W. LYMAN's violations, as required by the Federal Motor Carrier Safety Regulations for the past 10 years.

31.    Please produce copies of any documentation evidencing the completion or non-completion of training programs, safety driving programs, and driver orientation programs by WARREN W. LYMAN for Defendant.

32.    Please produce any and all state safety audits for WARREN W. LYMAN for the year of the collision and three years prior.

33.    Please produce any and all long form DOT physicals for WARREN W. LYMAN.

34.    Please produce all documents relating to any disqualification of WARREN W. LYMAN made pursuant to any Federal Motor Carrier Safety Regulation.

35.    Please produce any and all optical vision, or ophthalmic records concerning WARREN W. LYMAN regardless of what person or entity created them.

36.    Please produce prior industrial, vehicular, cargo, hazardous materials incidents, health or accident reports, or other types of injury, sickness, accidents or loss reports or records inclusive of cargo shortage or damage reports, along with all related documents to each such sickness, incident or accident that relate to WARREN W. LYMAN.

37.    Please produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of WARREN W. LYMAN for the five years prior to the collision involving Plaintiff.

38.    Please produce any correspondence related to the operation of any truck, tractor trailor, or motor vehicle operated at any time by WARREN W. LYMAN (including letters of warning, records of disciplinary or other actions taken against him, etc.) as required by the Federal Motor Carrier Safety Regulations.

39.   Please produce any and all federal accident reports filed for WARREN W. LYMAN the year of this collision and three years prior.

40.   Please produce any and all DOT inspection reports filed for BRAND TRUCKING LTD at any time during the year **February 24, 2009**.

41.   Please produce the latest petition or complaint filed in any lawsuit (other than this lawsuit) against Defendant or Defendant's employees, agents, servants, independent contractors, or subcontractors, which alleges that any actions or omissions of WARREN W. LYMAN caused any damages.

42.   Please produce the latest petition or complaint filed in any lawsuit (other than this lawsuit) against Defendant or Defendant's employees, agents, servants, independent contractors, or subcontractors, which alleges that any actions or omissions of BRAND TRUCKING, LTD. caused any damages.

43.   Please produce all accident reports prepared by any law enforcement agency, governmental agency, person or company concerning any vehicular collisions, accidents, incidents, injuries or deaths involving WARREN W. LYMAN.

44.   Please produce any other file kept concerning WARREN W. LYMAN by Defendant not identified or requested specifically herein.

45.   Please produce any and all memoranda, policies, contracts, letters, agreements or documents which reflect the method by which the wages or earnings of WARREN W. LYMAN were computed when he was employed by or contracting with Defendant in **February 24, 2009**.

46.   Please produce any and all paychecks or checks for earnings given to WARREN W. LYMAN for any work performed by him for 6 months prior to and including the date of the crash, and for a period of two (2) months thereafter.

47.   Please produce any W2 or 1099 provided to WARREN W. LYMAN for any wages, salary or compensation earned by him during the years 2007 to the present.

48.   Please produce any and all cancelled checks of any kind paid to WARREN W. LYMAN for 12 months prior and six months after the crash.

49.   Please produce any and all payroll and benefit records for WARREN W. LYMAN for five years prior to the collision to one year after.

50.   Please produce all leases and contracts that were in effect for the tractor trailer being operated by WARREN W. LYMAN on the day of the crash.

51.   Please produce any and all titles, contracts, letters, leases or payments reflecting the first termination or completion of any lease since the date of the crash, related to the tractor trailer being operated by WARREN W. LYMAN on the day of the crash.

52.     Please produce any title related to the tractor trailer operated by WARREN W. LYMAN on the day of the crash.

53.     Please produce each rental or lease agreement related to the tractor trailer operated by WARREN W. LYMAN on the day of the crash.

54.     Please produce all lease agreements, employment agreements, independent contractor agreements, or any other agreements between WARREN W. LYMAN and Defendant.

55.     If the tractor trailer operated by WARREN W. LYMAN on the day of the crash has been sold or leased since the incident, produce any and all titles, contracts, letters or payments reflecting the first sale or lease of the tractor trailer that was entered into after the incident.

56.     Please produce any and all assumed name (or "d/b/a") records filed in any clerk's office or governmental office in Florida concerning or by Defendant.

57.     Please produce any and all assumed name (or "d/b/a") records filed in any clerk's office or governmental office in North Dakota concerning or by Defendant.

58.     Please produce complete and clearly readable copies of any and all trip leases or trip contracts involving WARREN W. LYMAN and his co-drivers along with all related documentation issued to or created or received by Defendant. Specifically, any trip leases negotiated between the related documentation.   Related documentation consists of any documents created or generated in reference to each trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier/tractor trailer certification of driver's qualification and include other documents that relate to the billing and payment for such movement of freight, or passengers, or both, along with all other types of documentation regardless of form or description that are relative to each occurrence involving the services and activities of WARREN W. LYMAN and/or his co-drivers.

59.     Please produce complete and clearly readable copies of all maintenance files and records (see Definition "F") from one year prior to the crash and for a period of six months afterwards, maintained by Defendant on the tractor trailer (see Definition "G") involved in the crash inclusive of any inspections, repairs or maintenance done to the tractor trailer.

60.     Please produce all documents prepared concerning all inspections performed on the tractor trailer involved in this crash.

61.     Please produce copies of all inspection reports for the vehicle which were conducted by state or municipal law enforcement agencies, or any state or municipal statutes or ordinances from February 25, 2008 through February 25, 2010.

62.     Please produce any and all maintenance records, repair records, invoices, checks, payments or billing records which reflect or manifest any maintenance, inspection, improvement, testing or repair of the tractor trailer since **February 24, 2009.**

63.    Please produce a copy of any vehicle inspection report made by WARREN W. LYMAN during the month of **February 2009**.

64.    Please produce a copy of any vehicle inspection report for the tractor trailer by any person, company or agency during the months of February 2009 and March 2009.

65.    Please produce receipts for all equipment maintenance for the tractor trailer since February 25, 2008 through February 23, 2010.

66.    Please produce any and all DOT and State inspections of the tractor trailer involved in the crash for the year of the collision and one year prior.

67.    Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance and costs for the tractor trailer involved in the collision with Plaintiff.

68.    Please produce complete and clearly readable copies of the maintenance files and records (**see Definition "F"**) created from (at least one year prior to the accident) maintained by Defendant on the tractor trailer (**see Definition "H"**) pulled by WARREN W. LYMAN.

69.    Please produce all driver daily vehicle inspection reports (DVIRs) submitted by any driver(s) from 30 days prior to the crash and for six months thereafter, in the possession of Defendant. This specifically includes all of the driver daily condition reports, maintenance files and records maintained by any other organization from who WARREN W. LYMAN or Defendant may have borrowed, rented or leased the tractor trailer or who performed maintenance services for or on behalf of WARREN W. LYMAN or Defendant.

70.    Please produce complete and clearly readable copies of all driver's record of duty status or driver's daily logs and 70/60 hour and 8/7 day summaries or otherwise described time worked records created by WARREN W. LYMAN and/or any of his co-driver(s) for the period from (at least 60 days prior to the accident and for 30 days after the accident) in the possession of Defendant. This includes all logs prepared by any co-driver(s) operating with WARREN W. LYMAN from (at least 30 days prior to the accident).

71.    Please provide all unofficial logs of WARREN W. LYMAN for the six months before the collision involving Plaintiff and for 30 days after the collision.

72.    Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for WARREN W. LYMAN for the month of the collision.

73.    Please produce the printout(s) from any commercial software program (e.g. JJ Keller's LogChecker) or customized program used to record and audit WARREN W. LYMAN's log book entries for the one year preceding the **February 24, 2009** motor vehicle collision with Plaintiff, and for the date of the crash, and for three months thereafter.

74.    Please produce all cellular telephone records and bills for any cellular telephone that was available to WARREN W. LYMAN on the date of the incident and for the 60 days prior to the crash, that was in the name of WARREN W. LYMAN on the date of the crash, or that was in the vehicle on the date of the crash.

75.    Please produce all email, fax and test messages sent by or to WARREN W. LYMAN to or from Defendant at anytime from January 25, 2009 through March 23, 2009.

76.    Please produce any and all driver call-in records, faxes, notes, logs or email indicating communications between Defendant and WARREN W. LYMAN on the date of the crash, and including at any time from January 25, 2009 through March 23, 2009.

77.    Please produce all telephone calling card transactions of WARREN W. LYMAN at any time from January 25, 2009 through March 23, 2009.

78.    Please produce all text messages related to the crash.

79.    Please produce complete and clearly readable copies of any driver (see Definition "A") call-in records or otherwise described written or computer (all screen) records indicating any communications between Defendant and WARREN W. LYMAN.

80.    Please produce complete and clearly readable copies of all initial or rough driver's trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary paid to WARREN W. LYMAN in reference to WARREN W. LYMAN's trip(s). This specifically includes any summary type documents showing all payments made to WARREN W. LYMAN and/or his co-drivers regardless of the purpose of payment or period of time payment was made for.

81.    Please produce any and all mileage logs and travel reimbursement records for WARREN W. LYMAN for the months of January 2009, February 2009 and March 2009.

82.    Please produce any and all loading and unloading receipts for WARREN W. LYMAN from January 25, 2009 to March 23, 2009.

83.    Please produce any and all food receipts for WARREN W. LYMAN for the seven (7) days prior to and including the date of the crash.

84.    Please produce any schedule, calendar or day timer of WARREN W. LYMAN for the 30 days prior to and including the date of the crash.

85.    Please produce any and all credit card bills and receipts for WARREN W. LYMAN for the month of the including the date of the crash.

86.    Please produce any and all receipts for fuel for the tractor trailer for the seven (7) days prior to and including the date of the crash.

87.     Please produce any and all vouchers that were used by WARREN W. LYMAN for the 30 days prior to the date of the crash, and including the date of the crash.

88.     Please produce any and all documents, including any computer printouts, log, record or report regarding the fuel consumption for the seven (7) days prior to and including the date of the crash, of the tractor trailer, or any other vehicle which WARREN W. LYMAN was operating during that time period.

89.     Please produce copies of any and all fuel tax reports of WARREN W. LYMAN for the year of this crash.

90.     Please produce any and all receipts for all bridges or toll road fees incurred or paid by WARREN W. LYMAN or for the tractor trailer, for the seven (7) days prior to this crash including the date of the crash, and the three (3) days following the date of the crash.

91.     Please produce complete and clearly readable copies of any and all motor carrier or driver created trip fuel mileage and purchase reports or records.  This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source such as the organization know as 'COMCHEK" or generated for or by Defendant showing date, time and location of fueling or other purchases inclusive of case advances to WARREN W. LYMAN and/or his co-workers while on the trips requested herein.

92.     Please produce complete and clearly readable copies of WARREN W. LYMAN's trip reports and/or trip envelopes, daily loads delivered or picked up reports or any otherwise titled or described work reports, work schedule reports, fuel purchased or monthly cargo transported, time and/or distance traveled reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status."

93.     Please produce complete and clearly readable copies of all receipts for any trip expenses or purchases made by WARREN W. LYMAN or his co-driver during a trip regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, and all otherwise described receipts regardless of the type of objects or services purchased.

94.     Please produce complete and clearly readable copies of all cargo pickup and delivery documents prepared by Defendant, any transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other person or organizations relative to the cargo transported and the operations of WARREN W. LYMAN.

95.     Please produce complete and clearly readable copies of any and all written requests, letters, memoranda instructions or orders, for transportation of cargo prepared by Defendant, any transportation brokers, involved shippers or receivers, motor carrier operations/dispatch or sales personnel, driver or other persons or organizations relative to the operations and cargo transported by WARREN W. LYMAN.

96.     Please produce complete and clearly readable copies of all bills of lading and/or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers of cargo or Defendant. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo pickup and delivered along with any other type of document that may show dates and times of cargo pickup or delivery that are relative to operations and cargo transported by WARREN W. LYMAN.

97.     Please produce complete and clearly readable copies of all equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and/or delivery dates and times or delays and/or detention of equipment relative to the operations of WARREN W. LYMAN.

98.     Please produce complete and clearly readable copies of all cargo transported freight bills, Pros or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate date and/or time of pick up or delivery of cargo by WARREN W. LYMAN or his co-driver(s).

99.     Please produce complete and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pick up, transportation and delivery, dates and times of pick up and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form.   This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of WARREN W. LYMAN.

100.    Please produce complete and clearly readable copies of all accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for Defendant by WARREN W. LYMAN and/or his co-driver(s).

101.    Please produce complete and clearly readable copies of all checks or otherwise described negotiable instruments issued to WARREN W. LYMAN or his co-driver(s) (see **Definition "B"**) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendants. Specifically copies of both the "front and back" of each check and/or comchek issued to WARREN W. LYMAN and/or any of his co-drivers are requested.

102.    Please produce complete and clearly readable copies of any and all state fuel or oversize special permits and any related documents or requests issued to or by any state agency to transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that relate to the movements of WARREN W. LYMAN and/or his co-driver(s) during the requested time period.

103.   Please produce all weight or weigh station records related to the tractor trailer, or any cargo carried by the tractor trailer, for the seven (7) days prior to this crash including the date of the crash.

104.   Please produce any and all maps, lists, memoranda or documents which set forth, describe or define the route or trip WARREN W. LYMAN was on, or to which WARREN W. LYMAN or the vehicle was assigned, on the day of the crash.

105.   Please produce complete and clearly readable copies of any and all other "operational or trip related documents" (see **Definition "E"**) created or received by the defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of Defendant and relative to the operations, activities, movements, cargo and trips accomplished by WARREN W. LYMAN and/or his co-drivers during the month of the incident.

106.   Please produce complete and clearly readable copies of any and all created electronic or satellite "vehicular movement recording documents or records" such as QualComm, HighwayMaster, American Mobile Satellite Corp., or any similar organization's records along with any tractor trailer trip recorder computer generated documents, electronic control module (ECM) tachograph charts, computer generated trip printouts (ECM) or any otherwise described documents generated by whatever means, in reference to the physical movement and/or geographical locations at a certain date and time of the tractor trailer involved in the accident from (at least 30 days prior to the accident).

107.   Please produce all records of WARREN W. LYMAN for the seven (7) days prior to the crash and for the day of the crash. Specifically, produce the supporting documents listed below:

a.    Bills of lading
b.    Carrier pros
c.    Freight bills
d.    Dispatch records
e.    Driver call-in records
f.    Gate record receipts
g.    Weight/scale tickets
h.    Fuel billing statements and/or summaries
i.    Toll receipts
j.    International registration plan receipts
k.    International fuel tax agreement receipts
l.    Trip permits
m.    Lessor settlement sheets
n.    Port of entry receipts
o.    Cash advance receipts
p.    Delivery receipts
q.    Lumper receipts
r.    Interchange and inspection reports
s.    Over/short and damage reports
t.    Agricultural inspection reports

u.      Commercial Vehicle Safety Alliance reports
v.      Accident reports
w.      Telephone billing statements
x.      Credit card receipts
y.      Driver fax reports
z.      On-board computer reports
aa.     Border crossing reports
bb.     Custom declarations
cc.     Traffic citations
dd.     Overweight/oversize reports and citations
ee.     And/or other documents directly related to the motor carrier's operation which are
        retained by the motor carrier in connection with the operation of its transportation
        tractor traileriness.

106.    Please produce copies of any and all satellite communications and email for the
day of the crash involving Plaintiff and seven (7) days prior, as well as all recorded ECM
(electronic control module), EDR (event data recorder), and/or SDM (sensing and diagnostic
module) chronological data with reference to all data available, including but not limited to:

a.      Trip distance
b.      Total vehicle driving time
c.      Load factor
d.      Vehicle speed limit
e.      Maximum vehicle speed recorded
f.      Number of hard brake incidents
g.      Current engine speed (rpm)
h.      Maximum and minimum cruise speed limits
i.      Total vehicle driving distance
j.      Fuel consumption (gal/hr)
k.      Idle time
l.      Engine governed speed
m.      Maximum engine speed recorded
n.      Current throttle position
o.      Brake switch status (on/off)
p.      Odometer
q.      Trip driving time
r.      Overall fuel economy (MPG)
s.      Average driving speed
t.      # of engine overspeeds
u.      # of vehicle overspeeds
v.      Current vehicle speed (MPH)
w.      Clutch switch status
x.      Clock
y.      Jake brake status

107.    Please produce any and all accident and/or incident reports and investigations
prepared by Defendant as a result of the crash other than the police report.

108.   Please produce any and all incident, accident or injury reports related to the crash that were prepared by BRAND TRUCKING LTD. or by any employee, owner, or agent of Defendant.

109.   Please produce any and all incident, accident or injury reports related to the crash that were prepared by any law enforcement agency.

110.   Please produce any and all incident, accident or injury reports or investigations related to the crash that were prepared by any department of transportation, NHTSA or OSHA.

111.   Please produce any and all incident, accident or injury reports related to the crash that were prepared by any person, company, or agency, other than any report prepared by law enforcement, or any department of transportation, NHTSA, OSHA, or any report prepared by BRAND TRUCKING LTD. or Defendant.

112.   Please produce any photographs taken of the tractor trailer operated by WARREN W. LYMAN at the scene of the crash, or any time after.

113.   Please produce any photographic, media coverage, film, videotape, moving pictures, electronic image or recording, or any audiotape which depicts, includes or contains the image of the scene of the crash (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

114.   Please produce any photograph, media coverage, film videotape, moving pictures, electronic image or recording, or any audiotape which depicts, includes or contains the image of the crash of its aftermath.

115.   Please produce any photograph, film, videotape, moving pictures, electronic imaging or recording, or any audiotape which depicts or contains the image of the tractor trailer (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

116.   Please produce any photograph, film, videotape, moving pictures, electronic image or recording, or any audiotape which depicts or contains the image of any property damage resulting from the crash (you may exclude from your response hereto any item which you have produced in response to any previous request herein).

117.   Please produce any and all measurements related to the incident.

118.   Please produce a copy of any traffic citation issued to WARREN W. LYMAN related to the crash.

119.   Please produce any indictment, judgment and sentencing, check, receipt, invoice, plea papers, dismissal, probation, deferred adjudication, or any other writing related to or depicting how any criminal charges against WARREN W. LYMAN stemming from the crash was resolved, dismissed, terminated or paid.

120.   Please produce any and all email sent by, or to, Defendant (including its employees or agents) concerning the crash, and any Plaintiff, or witness. (You may exclude from your response hereto any email sent between only Defendant and any attorney representing Defendant).

121.   Please produce any and all email sent by, or to, WARREN W. LYMAN concerning the crash, and any Plaintiff, witness, or Defendant.

122.   Please produce all voice mail messages related to the crash that were created on **February 24, 2009.**

123.   Please produce all telephone records depicting telephone or cellular telephone calls placed or received on BRAND TRUCKING LTD. which relate to the crash.

124.   Please produce all call slips and telephone messages related to the crash that were created on BRAND TRUCKING LTD.

125.   Please produce every "witness statement", of any person who was involved in the crash, other than WARREN W. LYMAN.

126.   Please produce every "witness statement", of any person who perceived all or any part of the crash, or who came to the scene thereof within three hours after the crash.

127.   Please produce any and all estimates, appraisals, invoices, drawings, diagrams, photographs, videotapes, or checks related to any property damage which occurred as a result of the incident to any building, vehicle or object other than the motorcycle being driven by Plaintiff.

128.   Please produce any and all estimates, appraisals, invoices, drawings, diagrams, photographs, videotapes, or checks related to any property damage which occurred as a result of the crash to the motorcycle being driven by Plaintiff.

129.   Please produce any correspondence, letters, facsimiles, and email Defendant has received from the shipper of the cargo, or has sent to the shipper of the cargo, since the incident which concerns the incident, the cargo being shipped, damage to the cargo, the methods by which the cargo was loaded or secured, or any condition which caused or contributed to cause the crash.

130.   Please produce any release for any claim of property damage, personal injury or death that stems from the crash made the basis of this lawsuit.

131.   Please produce any checks, drafts, or other forms of payment related to any claim for property damage, personal injury, or death that stems from the crash made the basis of this lawsuit.

132.   Please produce every item which was removed from the tractor trailer on **February 24, 2009.**

133.   Please produce any and all indemnity or insurance agreements under which any person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse for payments made to satisfy any judgment herein.

134.   Please produce any and all insurance contracts which provide secondary or excess coverage to Defendant for any risk related to the crash.

135.   Please produce copies of all photographs, slides, motion pictures, videotapes, surveillance reports or other information relevant to surveillance of Plaintiff's activities from the date of the crash involving Plaintiff to the present.

136.   Please produce a copy of each primary, umbrella and excess insurance policy, or agreement, including the declarations page, for Defendant which was in effect at any time from the date that treatment first began until notice was given and received that this lawsuit had been filed which may make the respective insurance companies liable to satisfy all or part of any judgment which may be rendered in this litigation including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations by you.

137.   Please produce any and all documents reflecting payments to any person or legal entity arising out of claims made against you arising out of the accident made the basis of this suit, whether paid by you or any person or entity (including insurance) on your behalf.

138.   Please produce all documents concerning any bills, attorney's fees, court costs, expenses, expert fees, formal or informal, that reduce the amount of liability insurance available to cover Plaintiff.

139.   Please produce copies of all applications and renewals for any insurance policies for the last ten (10) years.

140.   Please produce any reservation of rights letter pertaining to the claim which forms the basis of this lawsuit.

141.   Please produce all documents, records, reports or memoranda regarding Plaintiff from persons or entities that gather claim information, i.e., insurance claims and workers compensation claims, specifically including Harco National Insurance Company, and all similar persons or entities.

142.   A copy of any damage appraisal made of the tractor trailer (Defendant vehicle).

143.   A copy of any movies, videotape or other reproduction of the accident scene.

144.   Purchase orders and bills of sale for the tractor trailer operated by Defendant WARREN W. LYMAN at the time of the crash.

145.   Defendant WARREN W. LYMAN's personnel file at BRAND TRUCKING LTD.

146. Any and all documents, electronic or otherwise, related to employment of Defendant WARREN W. LYMAN with BRAND TRUCKING LTD.

147. Driver's log, whether electronic or otherwise.

148. Any and all electronic data stored within the Engine Control Module (ECM) or any similar device. This request includes but is not necessarily limited to GPS, fleet tracking technology, and electronic positioning data, records and reports.

149. Any and all medical reports related to Defendant WARREN W. LYMAN covering his entire employment with BRAND TRUCKING LTD.

150. Please produce a full and complete copy of each and every one of the items or materials which was, in any way, form or manner, a part of each driver safety course, program, presentation, class, lecture, or meeting presented by an officer, agent, representative employee, or independent contractor of Defendant BRAND TRUCKING LTD at any time during the years 2008 to **February 24, 2009** to, or for, any of Defendant BRAND TRUCKING LTD's then officers, agents, representatives, or employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers. The items and materials requested include, but are not limited to, each of the following:

> (This request includes any documents or records which contain or reflect the dates each course was presented in that particular year, the names of each driver, dispatcher, officers, agent, representative or employee of BRAND TRUCKING LTD who were present, and any records showing who the instructor was who presented the course, its location and beginning and ending time. This request also includes, but is not limited to any and all other books, documents, conferences, audits, audio recordings or presentations of any type, video recordings or presentations of any type, hand-outs, tests, test answers, log books, driver daily inspection reports, health information, attendance cards, attendance sheets, company policies, government documents, prescription information, drug use information, sleep apnea information, insomnia information, illness information, careful look-out information, reaction time information, perception time information, space management information, any information about following too closely, speed management information, conspicuity information, including but not limited to proper use of headlights, information about night driving, information about night driving, information about proper use of brakes, information about proper lane changing procedures, brochures, pamphlets, emails, faxes, texts, personnel records, driver records, medical records, traffic tickets, company procedures, company safety violations, individual driver safety reviews, individual driver audits, newspapers, magazines, journals, manuals, articles, web pages, web sites, papers, speaker's notes or articles, movies, DVDs, CDs, computer programs, software, digital information, medical information, notes, regulations, laws, or PowerPoint presentations used in any manner.

151. Please produce a full and complete copy of each and every one of the items or materials which was in any way, form or manner, a part of each driver safety course, program, presentation, class, lecture, or meeting presented by an officer, agent, representative employee, or independent contractor of Defendant BRAND TRUCKING LTD at any time during the year 2008 to **February 24, 2009** to, or for, any of Defendant BRAND TRUCKING LTD then officers, agents, representatives, or employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers. The items and materials requested include, but are not limited to, each of the following:

(This request includes any document or records which contain or reflect the dates each course was presented in that particular year, and the names of each driver, dispatcher, officers, agent, representative, or employee of BRAND TRUCKING LTD. who were present, and any records showing who the instructor was who presented the course, its location and beginning and ending time. This request also includes, but is not limited to any and all other books, documents, conferences, audits, audio recordings or presentations of any type, hand-outs, tests, test answers, log books, driver daily inspection reports, health information, attendance cards, attendance sheets, company policies, government documents, prescription information, drug use information, sleep apnea information, insomnia information, illness formation, careful look-out information, reaction time information, perception time information, space management information, any information about following too closely, speed management information, conspicuity information, including but not limited to proper use of headlights, information about night driving, information about proper use of brakes, information about proper lane changing procedures, brochures, pamphlets, e-mails, faxes, texts, personnel records, driver records, medical records, traffic tickets, company procedures, company safety violations, individual driver safety reviews, individual driver audits, newspapers, magazines, journals, manuals, articles, web pages, web sites, papers, speaker's notes or articles, movies, DVDs, CDs, computer programs, software digital information, medical information, notes, regulations, laws, or PowerPoint presentations used in any manner.)

152. Please produce a full and complete copy of each and every one of the items or materials which was, in any way, form or manner, a part of each driver safety course, program, presentation, class, lecture, or meeting presented by an officer, agent, representative employee, or independent contractor of Defendant BRAND TRUCKING LTD then officers, agents, representatives, or employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers. The items and materials requested include, but are not limited to, each of the following:

(This request includes any documents or records which contain or reflect the dates each course was presented in that particular year, and the names of each driver, dispatcher, officer, agent, representative, or employee of BRAND TRUCKING LTD. who were present, and any records showing who the instructor was who presented the course, its location and beginning and ending time. This request

also includes, but is not limited to and all other books, documents, conferences, audits, audio recordings or presentations of any type, hand-outs, tests, test answers, log books, driver daily inspection reports, health information, attendance cards, attendance sheets, company policies, government documents, prescription information, drug use information, sleep apnea information, insomnia information, illness information, careful look-out information, reaction time information, perception time information, space management information, any information about following too closely, speed management information, conspicuity information, including but not limited to proper use of headlights, information about night driving, information about proper use of brakes, information about proper lane changing procedures, brochures, pamphlets, emails, faxes, texts, personnel records, driver records,, medical records, traffic tickets, company procedures, company safety violations, individual driver safety reviews, individual drive audits, newspapers, magazines, journals, manuals, articles, web pages, web sites, papers, speaker's notes or articles, movies, DVDs, CDs, computer programs, software, digital information, medical information, notes, regulations, laws, or PowerPoint presentations used in any manner.)

153.    Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that reference BRAND TRUCKING, LTD and WARREN W. LYMAN.

154.    Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that reference BRAND TRUCKING, LTD and DIRECT TRANSPORT LTD dba DTL.

155.    Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that reference WARREN W. LYMAN and DIRECT TRANSPORT LTD dba DTL.

156.    Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that reference BRAND TRUCKING, LTD, DIRECT TRANSPORT LTD dba DTL, and WARREN W. LYMAN.

157.    Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that references BRAND TRUCKING, LTD.

158.    Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that references DIRECT TRANSPORT LTD dba DTL.

159.    Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that references WARREN W. LYMAN.

160.   Any and all contracts, agreements, policies of insurance and/or leases that were in effect on February 24, 2009 that references the "Subject Tractor" referenced in the Complaint.

Dated: <u>April 19, 2012</u>

                                              **DELLECKER WILSON KING**
                                              **McKENNA RUFFIER & SOS**
                                              **A Limited Liability Partnership**

BY: _____
                                              W. Doug Martin
                                              Florida Bar No. 0024248
                                              719 Vassar Street
                                              Orlando, Florida   32804
                                              (407)244-3000
                                              Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL,

Plaintiff,

-vs-                                              CASE NO.

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

Defendants.
_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT BRAND TRUCKING LTD.

NOTICE IS HEREBY GIVEN that the original Interrogatories to Defendant, propounded

by Plaintiff to BRAND TRUCKING, LTD., were served upon Defendant by service of process, to

be answered under oath, in writing, and within forty-five (45) days from service hereof, in

accordance with Rule 1.340, Florida Rules of Civil Procedure.

Dated: April 19, 2012.

> DELLECKER WILSON KING McKENNA
> RUFFIER & SOS
> Limited Liability Partnership
>
> BY: _____
>      W. Doug Martin
>      Florida Bar No. 0024248
>      719 Vassar Street
>      Orlando, Florida  32804
>      407/244-3000
>      Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL,

Plaintiff,

-vs-                                                         CASE NO.

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

Defendants.
_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT WARREN W. LYMAN

NOTICE IS HEREBY GIVEN that the original Interrogatories to Defendant, propounded by Plaintiff to WARREN W. LYMAN were served upon Defendant by service of process, to be answered under oath, in writing, and within forty-five (45) days from service hereof, in accordance with Rule 1.340, Florida Rules of Civil Procedure.

Dated: April 19, 2012.

DELLECKER WILSON KING McKENNA
RUFFIER & SOS
Limited Liability Partnership


BY: _____
W. Doug Martin
Florida Bar No. 0024248
719 Vassar Street
Orlando, Florida  32804
407/244-3000
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO

KAREN D. GEHL,

   Plaintiff,

-vs-

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

   Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA;

To Each Sheriff of the State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the *Complaint, Request for Admissions, Interrogatories* and *Request to Produce* in this action on Defendant

       **Brand Trucking LTD**
       **c/o Registered Agent**
       **BRUCE BRAND**
       **5617 19TH AVE N**
       **FARGO, ND 58102-6918**

     Each Defendant is hereby required to serve written defenses to the Complaint on **W. Doug Martin**, Florida Bar Number 0024248, the Plaintiff's attorney, whose address is **719 Vassar Street, Orlando, Florida 32804 (407) 244-3000** within **twenty (20)** days after service of this Summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

     **IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ACCOMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT COURT ADMINISTRATION:**

COURT ADMINISTRATION AT THE SEMINOLE CIVIL COURTHOUSE, 301 N. PARK AVENUE, SUITE 301, SANFORD, FL 32771-1292, (407)655-4227 WITHIN 2 WORKING DAYS OF YOUR RECEIPT OF THIS NOTICE.  IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 1-800-955-8771 or 711.

DATED on this _____ day of April, 2012.

CLERK OF THE COURT

BY: _____

As Deputy Clerk

(COURT SEAL)

**DELLECKER WILSON KING McKENNA**
**RUFFIER & SOS, A Limited Liability Partnership**
W. Doug Martin
Florida Bar No. 0024248
Robert H. Dellecker
Florida Bar No. 0379581
719 Vassar Street
Orlando, Florida  32804
407/244-3000
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL,

<b>Plaintiff,</b>

-vs-                                                          CASE NO.

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

<b>Defendants.</b>

_____/

## S U M M O N S
## PERSONAL SERVICE ON AN INDIVIDUAL

To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

> Warren W. Lyman
> 14355 27th Street SE
> Ayr, ND  58007-9705

### IMPORTANT

    A lawsuit has been filed against you.  You have **twenty (20)** calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

    Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes

7895

interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

En acuerdo con la ley relacionada con los americanos incapacitados (Americans with Disabilities Act), personas impedidas que necesiten servicios especiales para participar en este proceso deben ponerse en contacto con la administración del tribunal (Court Administration) al siguiente teléfono a más tardar (2) dos días antes del proceso, Orange County 407-836-2303, Seminole County 321-633-2171, Osceola County 407-343-2421. Los impedidos de audición (TDD (800) 955-8771, o de voz (V) (800) 955-8771, y vía Florida Relay Service.

## IMPORTANT

Des poursuites judiciares ont etc entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des partias nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accord avec la loi concernant les américans invalides (Americans with Disabilities Act), les personnes invalides ayant besoin de services spéciaux pour participer à ce procès doivent communiquer, par téléphone, avec l'administration juridique (Court Administration), Orange County 407-836-2303, Seminole County 321-633-2171, Osceola County 407-742-2421, au moins (2) deux jours avant le procès. Toute personne ayant des difficultés à entendre (TDD doit composer (800) 955-8771 ou (V) (800) 955-8771 via Florida Relay Service.

## AMERICAN DISABILITIES ACT OF 1990
### Administrative Order No. 10-18

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Court Administration, 301 North Park Avenue, Sanford, FL 32771, telephone number (407) 665-4227 at least 7 days before your scheduled**

**court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired, call 711.**

Dated this _____ day of April, 2012.

CLERK OF THE COURT

BY: _____
               As Deputy Clerk

(COURT SEAL)

W. Doug Martin
Florida Bar Number 0024248
**DELLECKER WILSON KING**
**McKENNA RUFFIER & SOS**
**A Limited Liability Partnership**
719 Vassar Street
Orlando, Florida 32804
(407) 244-3000
Attorney for Plaintiff

7895

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL

    Plaintiff,

-vs-                                      CASE NO. 12-CA-2139-08-L

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually

    Defendants.

_____/

## MOTION FOR DEFAULT

Plaintiff moves for entry of a default by the clerk against Defendant **BRAND TRUCKING,**

**LTD,** for failure to serve any paper on the undersigned or file any paper as required by law.

    I HEREBY CERTIFY that a copy hereof has been furnished by U. S. Mail this 29<u>th</u> day of
May, 2012 to: Brand Trucking LTD, c/o Registered Agent, BRUCE BRAND, 5617 19TH AVE
N, FARGO, ND 58102-6918 and Warren W. Lyman, 14355 27<u>th</u> Street SE, Ayr, ND  58007-9705.

                                    DELLECKER WILSON KING McKENNA
                                    RUFFIER & SOS
                                    A Limited Liability Partnership

                                    BY:_____
                                    W. Doug Martin
                                    Florida Bar # 0024248
                                    719 Vassar Street
                                    Orlando, FL 32804-4920
                                    (407) 244-3000
                                    Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL

   Plaintiff,

-vs-                                CASE NO. 12-CA-2139-08-L

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually

   Defendants.

_____/

**DEFAULT** Not Entered *

A default is entered in this action against the Defendant **Brand Trucking, Ltd.,** named in

the foregoing motion for failure to serve or file any paper as required by law.

DATED this 30th day of _____May_____, 2012.

**MARYANNE MORSE**
Clerk of the Circuit Court

\* No Original Summons.
with affidavit of service
returned to Court file.

By_____
        As Deputy Clerk

I HEREBY CERTIFY that a copy hereof has been furnished by U. S. Mail this 30th day
of May, 2012 to: W. Doug Martin, Esq. (Attorney for Plaintiff), Dellecker Wilson King McKenna
Ruffier & Sos, 719 Vassar Street, Orlando, FL 32804; and Brand Trucking LTD, c/o Registered
Agent, BRUCE BRAND, 5617 19TH AVE N, FARGO, ND 58102-6918.

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO. 12-CA-2139-08-L

KAREN D. GEHL,

    Plaintiff,

vs.

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

    Defendants.

_____/

### NOTICE OF FILING AFFIDAVIT

    The Plaintiff, KAREN D. GEHL, by and through the undersigned attorney hereby notifies the Court and all interested parties of the filing of the original *Affidavit of Service* dated May 1, 2012.

    Date: May 14, 2012.

                        DELLECKER WILSON KING
                        McKENNA RUFFIER & SOS
                        A Limited Liability Partnership

    BY: _____
               W. Doug Martin
               Florida Bar No. 0024248
               719 Vassar Street
               Orlando, Florida 32804
               407-244-3000
               Attorney for Plaintiff



IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO

*12CA2139.08L*

KAREN D. GEHL,

    Plaintiff,

-vs-

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

    Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA;

To Each Sheriff of the State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the *Complaint, Request for Admissions, Interrogatories* and *Request to Produce* in this action on Defendant

        **Brand Trucking LTD**
        **c/o Registered Agent**
        **BRUCE BRAND**
        **5617 19TH AVE N**
        **FARGO, ND 58102-6918**

    Each Defendant is hereby required to serve written defenses to the Complaint on **W. Doug Martin**, Florida Bar Number 0024248, the Plaintiff's attorney, whose address is **719 Vassar Street, Orlando, Florida 32804 (407) 244-3000** within **twenty (20)** days after service of this Summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

    IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ACCOMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT COURT ADMINISTRATION:

**COURT ADMINISTRATION AT THE SEMINOLE CIVIL COURTHOUSE, 301 N. PARK AVENUE, SUITE 301, SANFORD, FL 32771-1292, (407)655-4227 WITHIN 2 WORKING DAYS OF YOUR RECEIPT OF THIS NOTICE. IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 1-800-955-8771 or 711.**

DATED on this ____ day of April, 2012.

MARYANNE MORSE, CLERK
CLERK OF THE COURT

BY: _____
As Deputy Clerk

(COURT SEAL)

**DELLECKER WILSON KING McKENNA**
**RUFFIER & SOS, A Limited Liability Partnership**
W. Doug Martin
Florida Bar No. 0024248
Robert H. Dellecker
Florida Bar No. 0379581
719 Vassar Street
Orlando, Florida  32804
407/244-3000
Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

### CASE NO. 12-CA-2139-08-L

KAREN D. GEHL,

    Plaintiff,

vs.

BRAND TRUCKING, LTD., a For Profit
*Business Corporation*, and
WARREN W. LYMAN, individually,

    Defendants.

_____/

### NOTICE OF FILING AFFIDAVIT

    The Plaintiff, KAREN D. GEHL, by and through the undersigned attorney hereby notifies the Court and all interested parties of the filing of the original *Affidavit of Service* dated May 9, 2012.

    Date: May 17, 2012.

                                DELLECKER WILSON KING
                                McKENNA RUFFIER & SOS
                                A Limited Liability Partnership

                        BY: _____
                                  W. Doug Martin
                                  Florida Bar No. 0024248
                                  719 Vassar Street
                                  Orlando, Florida   32804
                                  407-244-3000
                                  Attorney for Plaintiff

SCANNED

DIANA M CARLISLE
Notary Public
MAY 17 2012
State of Florida
My Commission Expires Dec. 21, 2017

4396

## IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL,

**Plaintiff,**

-vs-                                        CASE NO.   12CA-2139.08-L

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually,

**Defendants.**

_____/

## S U M M O N S
## PERSONAL SERVICE ON AN INDIVIDUAL

To Each Sheriff of the State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

Warren W. Lyman
14355 27th Street SE
Ayr, ND 58007-9705

YOU MUST FILE THE ORIGINAL
RESPONSE WITH THE CLERK
Room 401 N Seminole County Courthouse
or
P.O. Box 8099
**IMPORTANT** Sanford, FL 32772-8099

A lawsuit has been filed against you.  You have **twenty (20)** calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes

AC4

interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

En acuerdo con la ley relacionada con los americanos incapacitados (Americans with Disabilities Act), personas impedidas que necesiten servicios especiales para participar en este proceso deben ponerse en contacto con la administración del tribunal (Court Administration) al siguiente teléfono a más tardar (2) dos días antes del proceso, Orange County 407-836-2303, Seminole County 321-633-2171, Osceola County 407-343-2421. Los impedidos de audición (TDD (800) 955-8771, o de voz (V) (800) 955-8771, y vía Florida Relay Service.

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des partias nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accord avec la loi concernant les américans invalides (Americans with Disabilities Act), les personnes invalides ayant besoin de services spéciaux pour participer à ce procès doivent communiquer, par téléphone, avec l'administration juridique (Court Administration), Orange County 407-836-2303, Seminole County 321-633-2171, Osceola County 407-742-2421, au moins (2) deux jours avant le procès. Toute personne ayant des difficultés à entendre (TDD doit composer (800) 955-8771 ou (V) (800) 955-8771 via Florida Relay Service.

## AMERICAN DISABILITIES ACT OF 1990
### Administrative Order No. 10-18

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Court Administration, 301 North Park Avenue, Sanford, FL 32771, telephone number (407) 665-4227 at least 7 days before your scheduled

7895

court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired, call 711.

Dated this 25th day of April, 2012.        MARYANNE MORSE, CLERK

CLERK OF THE COURT

BY: _____

As Deputy Clerk

(COURT SEAL)

W. Doug Martin
Florida Bar Number 0024248
DELLECKER WILSON KING
McKENNA RUFFIER & SOS
A Limited Liability Partnership
719 Vassar Street
Orlando, Florida 32804
(407) 244-3000
Attorney for Plaintiff

7895

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL

    Plaintiff,

-vs-                                                              CASE NO. 12-CA-2139-08-L

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually

    Defendants.

_____/

## MOTION FOR DEFAULT

    Plaintiff moves for entry of a default by the clerk against Defendant Warren W. Lyman,

individually, for failure to serve any paper on the undersigned or file any paper as required by law.

    I HEREBY CERTIFY that a copy hereof has been furnished by U. S. Mail this 30th day of
May, 2012 to: Brand Trucking LTD, c/o Registered Agent, BRUCE BRAND, 5617 19TH AVE
N, FARGO, ND 58102-6918 and Warren W. Lyman, 14355 27th Street SE, Ayr, ND 58007-9705.

                    DELLECKER WILSON KING McKENNA
                    RUFFIER & SOS
                    A Limited Liability Partnership

                    BY: _____
                    W. Doug Martin
                    Florida Bar # 0024248
                    719 Vassar Street
                    Orlando, FL 32804-4920
                    (407) 244-3000
                    Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL

   Plaintiff,

-vs-                                      CASE NO. 12-CA-2139-08-L

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually

   Defendants.

_____/

## DEFAULT

   A default is entered in this action against the Defendant **Warren W. Lyman, individually,**

named in the foregoing motion for failure to serve or file any paper as required by law.

   DATED this _____ day of _____MAY 31 2012_____, 2012.

                                   MARYANNE MORSE
                                   Clerk of the Circuit Court

                                By_____
                                   As Deputy Clerk

   I HEREBY CERTIFY that a copy hereof has been furnished by U. S. Mail this_____day
of _____, 2012 to: W. Doug Martin, Esq. (Attorney for Plaintiff), Dellecker Wilson King
McKenna Ruffier & Sos, 719 Vassar Street, Orlando, FL 32804; and Warren W. Lyman, 14355
27th Street SE, Ayr, ND 58007-9705.

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL

    Plaintiff,

-vs-

CASE NO. 12-CA-2139-08 

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually

    Defendants.

_____/

## MOTION FOR DEFAULT

    Plaintiff moves for entry of a default by the clerk against Defendant **BRAND TRUCKING,**

**LTD,** for failure to serve any paper on the undersigned or file any paper as required by law.

    I HEREBY CERTIFY that a copy hereof has been furnished by U. S. Mail this 1st day of
June, 2012 to: Brand Trucking LTD, c/o Registered Agent, BRUCE BRAND, 5617 19TH AVE
N, FARGO, ND 58102-6918 and Warren W. Lyman, 14355 27th Street SE, Ayr, ND  58007-9705.

DELLECKER WILSON KING McKENNA
RUFFIER & SOS
A Limited Liability Partnership

BY: _____
W. Doug Martin
Florida Bar # 0024248
719 Vassar Street
Orlando, FL 32804-4920
(407) 244-3000
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL

   Plaintiff,

-vs-                                                                    CASE NO. 12-CA-2139-08-L

BRAND TRUCKING, LTD., a For Profit
Business Corporation, and
WARREN W. LYMAN, individually

   Defendants.
_____/

## DEFAULT

   A default is entered in this action against the Defendant **Brand Trucking, Ltd.,** named in

the foregoing motion for failure to serve or file any paper as required by law.

   DATED this _____ 1 st day of June, 2012.

                                 MARYANNE MORSE

                                 Clerk of the Circuit Court

                                 By _Judith L. Bishop_
                                 As Deputy Clerk

   I HEREBY CERTIFY that a copy hereof has been furnished by U. S. Mail this 1 st day
of June, 2012 to: W. Doug Martin, Esq. (Attorney for Plaintiff), Dellecker Wilson King McKenna
Ruffier & Sos, 719 Vassar Street, Orlando, FL 32804; and Brand Trucking LTD, c/o Registered
Agent, BRUCE BRAND, 5617 19TH AVE N, FARGO, ND 58102-6918.

                                 _Judith L. Bishop_

IN THE CIRCUIT COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR
SEMINOLE COUNTY, FLORIDA

KAREN D. GEHL,

        Plaintiff,

vs.                                       CASE NO: 12CA2139-08G

BRAND TRUCKING, LTD.,
A For Profit Business Corporation, and
WARREN W. LYMAN, individually,

        Defendants.

_____/

**DEFENDANT WARREN W. LYMAN'S**
**ANSWER AND AFFIRMATIVE DEFENSES**
***(EXEMPLAR FOR DEMONSTRATION PURPOSES ONLY)***

      Defendant WARREN W. LYMAN files this Answer to Plaintiff's First Amended Complaint and states:

      1.      Defendant WARREN W. LYMAN admits that Plaintiff is seeking damages in excess of $15,000 but denies that he is liable for or that Plaintiff is entitled to any such damages.

      2.      Without knowledge and therefore denied.

      3.      Without knowledge and therefore denied.

      4.      Without knowledge and therefore denied.

      5.      Without knowledge and therefore denied.

      6.      Without knowledge and therefore denied.

      7.      Without knowledge and therefore denied.

      8.      Denied.

      9.      Without knowledge and therefore denied.

Exhibit "4"

10.   Denied.

11.   Admitted that Defendant Warren W. Lyman operated a truck in Seminole County, Florida on or about February 24, 2009.  Otherwise, Defendant Warren W. Lyman denies the remainder of the allegations in this paragraph and demands strict proof thereof.

12.   Denied.

13.   Denied.

## COUNT I
## CLAIM FOR NEGLIGENCE AGAINST DEFENDANT LYMAN

14.   Defendant WARREN W. LYMAN restates his responses to paragraphs 1 through 13 above as if fully set forth herein.

15.   Denied.

16.   Denied.

## COUNT II
## CLAIM FOR VICARIOUS LIABILITY AGAINST DEFENDANT BRAND

17.   Defendant WARREN W. LYMAN restates his responses to paragraphs 1 through 13 above as if fully set forth herein.

18.   Without knowledge and therefore denied.

19.   Denied.

20.   Without knowledge and therefore denied.

21.   Denied.

## COUNT III
## CLAIM FOR NEGLIGENCE AGAINST DEFENDANT BRAND
## OWNERSHIP OF TRACTOR

22.   Defendant WARREN W. LYMAN restates his responses to paragraphs 1 through 13 above as if fully set forth herein.

23.   Without knowledge and therefore denied.

24.   Denied.

25.   Without knowledge and therefore denied.

26.   Denied.

## COUNT IV
## CLAIM FOR NEGLIGENT HIRING/RETENTION/ENTRUSTMENT AS TO DEFENDANT BRAND

27.   Defendant WARREN W. LYMAN restates his responses to paragraphs 1 through 13 above as if fully set forth herein.

28.   Without knowledge and therefore denied.

29.   Without knowledge and therefore denied.

30.   Without knowledge and therefore denied.

31.   Denied.

    a.   Denied.

    b.   Denied.

    c.   Denied.

32.   Denied.

33.   Denied.

34.   Denied.

    a.   Denied.

    b.   Denied.

    c.   Denied.

    d.   Denied.

35.   Denied.

36. Denied.

Each and every remaining allegation of the Complaint not admitted herein is severally denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

For its defenses and affirmative defenses, Defendant WARREN W. LYMAN would show:

1. Plaintiff's Complaint fails to state a cause of action against WARREN W. LYMAN.

2. At the time and place complained of, Plaintiff was guilty of negligence which was the proximate and legal cause of any injuries claimed to have been sustained by Plaintiff; or, Plaintiff encountered a known danger and assumed the risk thereof, thus barring or reducing proportionately all claims for damages against WARREN W. LYMAN.

3. At the time and place complained of, Plaintiff failed to use, or failed to properly use, the available and operational seat belt and/or shoulder harness and other safety equipment in the vehicle she was occupying; his failure to do so proximately caused or contributed to the injuries complained of, thus barring or reducing proportionately all claims for damages against WARREN W. LYMAN.

4. Any injuries or damages sustained by Plaintiff at the time and place alleged in the Complaint were caused solely by the negligence, fault, omissions or want of care on the part of a person, persons, entity or entities for whose conduct WARREN W. LYMAN bears no responsibility, and the provisions of Fla. Stat. § 768.81 are applicable to any recovery by Plaintiff against WARREN W. LYMAN Said acts or omissions were the proximate cause of Plaintiff's alleged injuries and damages, thus barring or reducing proportionately all claims for

damages against WARREN W. LYMAN.  WARREN W. LYMAN reserves the right to amend this affirmative defense prior to trial to identify other responsible parties or nonparties identified through his discovery or investigation.

5.     The injuries and losses complained of by Plaintiff occurred either prior or subsequent to the incident referred in the Complaint; alternatively, said injuries and losses are in no way related to the incident referred to in the Complaint, thus barring or reducing proportionately all claims for damages against WARREN W. LYMAN.

6.     The injuries or damages complained of by Plaintiff do not meet the threshold requirements of the "Florida Motor Vehicle No-Fault Law," Florida Statutes §§ 627.730 et. seq.

7.     WARREN W. LYMAN is entitled to a set-off from any recovery against it in the amount of any settlement or other payment made to or on behalf of Plaintiff arising out of the incident that is the subject of this lawsuit.

8.     WARREN W. LYMAN is entitled to a set-off from any recovery against it to the extent of any insurance payments paid or payable to or on behalf of Plaintiff, arising out of the incident that is the subject of this lawsuit.

9.     WARREN W. LYMAN is entitled to a set-off from any recovery against it to the extent of all collateral sources and all benefits received by or paid or payable on behalf of Plaintiff, arising out of the incident which is the subject of this lawsuit.

10.    Plaintiff failed to mitigate her damages, if any.

11.    Plaintiff's claims are barred in whole or in part by the terms of the Florida Motor Vehicle No-Fault Law.

12.     Intervening or superseding acts occurred that were unforeseeable causes of the injuries or damages alleged in the Complaint; such intervening or superseding causes bar or reduce proportionately Plaintiff's claim for damages.

13.     WARREN W. LYMAN specifically reserves the right to amend and plead any additional defenses and affirmative defenses that become known to it in the course of discovery.

## DEMAND FOR JURY TRIAL

WARREN W. LYMAN respectfully demands a trial by jury on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to W. Doug Martin, Esq., and Robert H. Dellecker, Esq., Dellecker, Wilson, King, McKenna, Ruffier, & Sos, LLP, 719 Vassar Street, Orlando, Florida 32804 on this ___ day of _____, 2012.

Westley F. Lockwood, Esquire
Florida Bar No.: 0596213
BROMAGEN & RATHET, P.A.
201 East Kennedy Boulevard
Suite 500
Tampa, Florida 33601-3390
Telephone: (813) 261-3870
Facsimile: (813) 261-3874

Attorneys for Defendant WARREN W. LYMAN

6