IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO. 12-CA-2139-08

KAREN D. GEHL,

    Plaintiff,

6-12-CV-1869-31DAB

-vs-

DIRECT TRANSPORT, LTD., a For Profit
Business Corporation; BRAND TRUCKING,
LTD., a For Profit Business Corporation;
and WARREN W. LYMAN, individually,

    Defendants.

_____/

## AMENDED COMPLAINT

    Plaintiff, **KAREN D. GEHL**, sues Defendants, **DIRECT TRANSPORT, LTD.**, a For Profit Business Corporation, **BRAND TRUCKING, LTD.**, a For Profit Business Corporation, and **WARREN W. LYMAN**, individually, and alleges:

1. This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars.

2. At all time relevant hereto, Plaintiff, Karen D. Gehl, is and was a resident of Seminole County, Florida.

3. At all times relevant hereto, Defendant, WARREN W. LYMAN, individually, (hereinafter referred to as "LYMAN") was the operator of a 2004 International commercial/transport truck in Seminole County, Florida with a North Dakota State license plate #45933, VIN 1FUJBBAVX4LM93753, hereinafter referred to as the "SUBJECT TRACTOR".

4. At all times relevant hereto, Defendant LYMAN was in the business of transporting goods using the SUBJECT TRACTOR.

7895


EXHIBIT "A"

5. At all times relevant hereto, Defendant, **DIRECT TRANSPORT, LTD.** (hereinafter referred to as **"DIRECT"**) was/is a For Profit Business Corporation engaged in the business of transporting goods throughout the State of Florida with its principal place of business located at 460 7TH Avenue NE, West Fargo, North Dakota 58078, and whose registered agent is Paul Dellaneva, 1325 14th St, Fargo, ND 58103.

6. At all times relevant hereto, Defendant, **BRAND TRUCKING, LTD.** (hereinafter referred to as **"BRAND"**) was/is a For Profit Business Corporation engaged in the business of transporting goods throughout the State of Florida with its principal place of business located at 5617 19TH Avenue N, Fargo, North Dakota 58102, and whose registered agent is Bruce Brand.

7. At all times relevant hereto, Defendant LYMAN was an employee, agent or apparent agent of Defendant DIRECT.

8. At all times relevant hereto, Defendant LYMAN was an employee, agent or apparent agent of Defendant BRAND.

9. At all times relevant hereto, SUBJECT TRACTOR was owned by Defendant DIRECT.

10. At all times relevant hereto, SUBJECT TRACTOR was leased by Defendant DIRECT.

11. At all times relevant hereto, SUBJECT TRACTOR was owned by Defendant BRAND.

12. At all times relevant hereto, SUBJECT TRACTOR was leased by Defendant BRAND.

13. At all times relevant hereto, Defendant LYMAN had a duty to use reasonable care in the operation of the SUBJECT TRACTOR.

14. At all times relevant hereto, Defendant BRAND had a duty to use reasonable care in the hiring and/or retention of its driving personnel, including Defendant LYMAN.

15. At all times relevant hereto, Defendant BRAND had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to driving personnel, including Defendant LYMAN.

16. At all times relevant hereto, Defendant DIRECT had a duty to use reasonable care in the hiring and/or retention of its driving personnel, including Defendant LYMAN.

17. At all times relevant hereto, Defendant DIRECT had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to driving personnel, including Defendant LYMAN.

18. On or about February 24, 2009, at approximately 7:16 am, Defendant LYMAN was operating the SUBJECT TRACTOR in the westbound center lane of Interstate 4 and SR 434, Seminole County, Florida. At that time and place, Defendant LYMAN was using the SUBJECT TRACTOR with the express or implied consent of the Defendant DIRECT and/or Defendant BRAND.

19. On or about February 24, 2009, at approximately 7:16 am, Plaintiff KAREN D. GEHL (hereinafter referred to as "GEHL") was the driver of a 1996 Chrysler Sebring (hereinafter referred to as the "SEBRING") that was travelling westbound, in the outside lane of Interstate 4 in Seminole County, Florida. At that time and place, Defendant LYMAN negligently operated the SUBJECT TRACTOR so that the passenger's side of the SUBJECT TRACTOR collided with the driver's side of the SEBRING, causing the Plaintiff GEHL to spin counter clockwise across Interstate 4 and impact the guardrail (hereinafter referred to as the "SUBJECT ACCIDENT").

20. As a result of the aforementioned SUBJECT ACCIDENT, Plaintiff GEHL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT I
## CLAIM FOR NEGLIGENCE AGAINST DEFENDANT LYMAN

21. The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

22. On or about February 24, 2009, Defendant LYMAN was operating the SUBJECT TRACTOR, westbound, in the center lane of Interstate 4 and SR 434 in Seminole County, Florida when he negligently operated the SUBJECT TRACTOR so that the SUBJECT TRACTOR collided with the SEBRING, in which GEHL was the driver.

23. As a direct and proximate result of the aforesaid negligence of Defendant LYMAN, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant LYMAN, for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT II
## CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT DIRECT

24. The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

25. At all times material hereto, Defendant DIRECT was in legal possession of the SUBJECT TRACTOR and had control of the SUBJECT TRACTOR being operated by Defendant LYMAN with the knowledge, permission and consent of Defendant DIRECT.

26. At all times material hereto, and more particularly while Defendant DIRECT gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

27. At all times material hereto, Defendant DIRECT, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

28. As a direct and proximate result of the aforesaid vicarious negligence of Defendant DIRECT, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant DIRECT for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT III
## CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT DIRECT OWNERSHIP AND/OR LEASOR OF TRACTOR

29. The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

30. At all times material hereto, Defendant DIRECT owned and/or leased the SUBJECT TRACTOR.

31. At all times material hereto, and more particularly while Defendant DIRECT gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

32. At all times material hereto, Defendant DIRECT, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

33. As a direct and proximate result of the aforesaid vicarious negligence of Defendant DIRECT, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant DIRECT for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT IV
## CLAIM FOR NEGLIGENT HIRING/RETENTION/ENTRUSTMENT AS TO DEFENDANT DIRECT

34. The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

35. That Defendant DIRECT, was at all times material to this cause of action engaged in the operation of transporting goods.

36. That Defendant DIRECT, had a duty to use reasonable care in the hiring and/or retention of its driving personnel of which Defendant LYMAN, was one.

37. That Defendant DIRECT, had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to its driving personnel of which Defendant LYMAN, was one.

38. That Defendant DIRECT, breached its duty of reasonable care in the hiring of its driving personnel, including Defendant LYMAN, in that:

   a. Defendant DIRECT, was undertaking to operate a business requiring transporting goods and materials by Defendant DIRECT employees and vehicles, and as a result, Defendant DIRECT was required to make an appropriate investigation/screening of all potential driving personnel, including Defendant LYMAN, which was not done;

   b. an appropriate investigation and/or screening by Defendant DIRECT, would have revealed that Defendant LYMAN, had a poor driving record which reflected his propensity for driving in a careless manner;

   c. it was unreasonable for Defendant DIRECT, to hire Defendant LYMAN, in light of the information that would have surfaced had a competent investigation/screening been conducted.

39. That Defendant DIRECT, breached its duty of reasonable care in the retention of driving personnel, including Defendant LYMAN, by retaining Defendant LYMAN, after becoming aware of his careless driving. That Defendant DIRECT, knew or should have known of such instances but took no steps to stop or prevent further driving by Defendant LYMAN.

40. That Defendant DIRECT, breached its duty of care concerning the Plaintiff by not using reasonable care to provide for the safety of people on public roads and/or by not properly supervising its personnel. Said Defendant had a duty either to relieve Defendant LYMAN, of his duties or to set out specific and clear guidelines governing his conduct. That Defendant DIRECT, failed to do either or take other required or appropriate action.

41. That on or before the aforesaid time and place, Defendant DIRECT, negligently or carelessly entrusted the SUBJECT TRACTOR to Defendant LYMAN; that Defendant DIRECT knew or should have known that Defendant LYMAN:

    a. was not a safe, lawful and prudent driver; and/or

    b. had been involved in previous vehicular accidents; and/or

    c. was known or reputed to be an unsafe driver and/or employee; and/or

    d. was incompetent at the time of Defendant LYMAN's application for employment.

42. That as a proximate cause of Defendant DIRECT's breach of its duty to use reasonable care when: hiring and/or retaining Defendant LYMAN, and/or entrusting the SUBJECT TRACTOR to Defendant LYMAN by Defendant DIRECT, Plaintiff GEHL was injured in the SUBJECT ACCIDENT.

7895

43. As a direct and proximate result of the aforesaid negligent hiring and/or retention and/or entrustment of the SUBJECT TRACTOR to Defendant LYMAN by Defendant DIRECT, as to Defendant DIRECT, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant DIRECT for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT V
## CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT BRAND

44. The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

45. At all times material hereto, Defendant BRAND was in legal possession and control of the SUBJECT TRACTOR being operated by Defendant LYMAN with the knowledge, permission and consent of Defendant BRAND.

46. At all times material hereto, and more particularly while Defendant BRAND gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

47. At all times material hereto, Defendant BRAND, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

7895

48. As a direct and proximate result of the aforesaid vicarious negligence of Defendant BRAND, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant BRAND for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT VI

### CLAIM FOR VICARIOUS LIABILITY OF DEFENDANT BRAND OWNERSHIP OF TRACTOR

49. The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

50. At all times material hereto, Defendant BRAND owned and/or leased the SUBJECT TRACTOR.

51. At all times material hereto, and more particularly while Defendant BRAND gave permission and consent for Defendant LYMAN to use the SUBJECT TRACTOR, Defendant LYMAN negligently and carelessly operated and controlled the SUBJECT TRACTOR causing it to collide with the vehicle in which Plaintiff GEHL was the driver.

52. At all times material hereto, Defendant BRAND, having possession and control over the SUBJECT TRACTOR, is vicariously liable for Defendant LYMAN's negligent operation of the SUBJECT TRACTOR.

53. As a direct and proximate result of the aforesaid vicarious negligence of Defendant BRAND, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant BRAND for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT VII
## CLAIM FOR NEGLIGENT HIRING/RETENTION/ENTRUSTMENT AS TO DEFENDANT BRAND

54. The allegations numbered 1 – 20 in the foregoing paragraphs are incorporated by reference as if fully restated herein, and Plaintiff further states:

55. That Defendant BRAND, was at all times material to this cause of action engaged in the operation of transporting goods.

56. That Defendant BRAND, had a duty to use reasonable care in the hiring and/or retention of its driving personnel of which Defendant LYMAN, was one.

57. That Defendant BRAND, had a duty to use reasonable care in the entrustment of the SUBJECT TRACTOR to its driving personnel of which Defendant LYMAN, was one.

58. That Defendant BRAND, breached its duty of reasonable care in the hiring of its driving personnel, including Defendant LYMAN, in that:

    a. Defendant BRAND, was undertaking to operate a business requiring transporting goods and materials by Defendant BRAND employees and vehicles, and as a

7895

result, Defendant BRAND was required to make an appropriate investigation/screening of all potential driving personnel, including Defendant LYMAN, which was not done;

    b. an appropriate investigation and/or screening by Defendant BRAND, would have revealed that Defendant LYMAN, had a poor driving record which reflected his propensity for driving in a careless manner;

    c. it was unreasonable for Defendant BRAND, to hire Defendant LYMAN, in light of the information that would have surfaced had a competent investigation/screening been conducted.

59. That Defendant BRAND, breached its duty of reasonable care in the retention of driving personnel, including Defendant LYMAN, by retaining Defendant LYMAN, after becoming aware of his careless driving. That Defendant BRAND, knew or should have known of such instances but took no steps to stop or prevent further driving by Defendant LYMAN.

60. That Defendant BRAND, breached its duty of care concerning the Plaintiff by not using reasonable care to provide for the safety of people on public roads and/or by not properly supervising its personnel. Said Defendant had a duty either to relieve Defendant LYMAN, of his duties or to set out specific and clear guidelines governing his conduct. That Defendant BRAND, failed to do either or take other required or appropriate action.

61. That on or before the aforesaid time and place, Defendant BRAND, negligently or carelessly entrusted the SUBJECT TRACTOR to Defendant LYMAN; that Defendant BRAND knew or should have known that Defendant LYMAN:

    a. was not a safe, lawful and prudent driver; and/or

    b. had been involved in previous vehicular accidents; and/or

    c. was known or reputed to be an unsafe driver and/or employee; and/or

   d.  was incompetent at the time of Defendant LYMAN's application for employment.

62. That as a proximate cause of Defendant BRAND's breach of its duty to use reasonable care when: hiring and/or retaining Defendant LYMAN, and/or entrusting the SUBJECT TRACTOR to Defendant LYMAN by Defendant BRAND, Plaintiff GEHL was injured in the SUBJECT ACCIDENT.

63. As a direct and proximate result of the aforesaid negligent hiring and/or retention and/or entrustment of the SUBJECT TRACTOR to Defendant LYMAN by Defendant BRAND, as to Defendant BRAND, Plaintiff GEHL, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff GEHL sues Defendant BRAND for damages, together with costs, interest and such other and further relief as this Court deems just and proper and demands a trial by jury on all issues so triable.

DATED this 23rd day of July, 2012.

           DELLECKER WILSON KING McKENNA
           RUFFIER & SOS, LLP

           BY: _____
              W. Doug Martin
              Florida Bar No. 0024248
              Robert H. Dellecker
              Florida Bar No. 0379581
              719 Vassar Street
              Orlando, Florida 32804
              407/244-3000
              Attorneys for Plaintiff