# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KAREN D. GEHL,**

      **Plaintiff,**

**v.**                                                        Case No:  6:12-cv-1869-Orl-31DAB

**DIRECT TRANSPORT, LTD., BRAND TRUCKING, LTD. and WARREN W. LYMAN,**

      **Defendants.**

## ORDER

This cause comes before the Court on a motion to remand (Doc. 11) filed by Plaintiff, Karen D. Gehl, and a response (Doc. 15) filed by Defendants Direct Transport Trucking, Ltd. and Warren W. Lyman. For the reasons discussed below, the Court will deny the motion.

**I.    Standard**

Unlike state courts, federal courts are courts of limited jurisdiction: "They possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *see also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

For diversity jurisdiction to exist, no defendant may be a citizen of the same state as any Plaintiff and the amount in controversy must exceed $75,000.00. *See* U.S. CONST. art. III, § 2; 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), *overruled on other grounds*,

*Louisville, Cincinnati & Charleston R.R. Co. v. Letson*, 43 U.S. 497, 555 (1844). Furthermore, removal statutes are to be construed narrowly, and where the parties clash about jurisdiction, uncertainties are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Syngenta Crop. Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Univ. Of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Removal is proper if it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If it is not facially apparent from the complaint that the jurisdictional threshold is met, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy." *Id*. The burden of proving jurisdiction is on the defendant. *Id.*; *Gonzalez v. Liberty Mut. Fire Ins. Co.*, 8:12-CV-1941-T-23AEP, 2012 WL 5266063 (M.D. Fla. Oct. 23, 2012).

**II.   Discussion**

Defendants have clearly met their burden in this case. Although Plaintiff only claimed damages exceeding $15,000.00 in the Complaint, it is facially apparent that the amount in controversy here exceeds $75,000.00. This case arose out of a car accident. The Amended Complaint alleges that on the morning of February 24, 2009, a tractor-trailer driven by Defendant Warran Lyman and owned/operated by Defendants Brand Trucking and Direct Transport,[1] collided with Plaintiff's car on Interstate 4 north of Orlando, Florida. Both vehicles

---

[1] It appears that Defendant Brand Trucking was voluntarily dismissed from the case prior

were travelling side-by-side in the same direction when the passenger's side of the trailer collided with the driver's side of Plaintiff's car, causing it to "spin counter clockwise across Interstate 4 and impact the guardrail." (Doc. 2 at 3). As a result of the accident, the Plaintiff suffered,

> bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

(Doc. 2, ¶20). Thereafter, Plaintiff asserts seven causes of action against the three Defendants.

Courts are permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1061–62 (11th Cir.2010) (citations omitted). Courts may also use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Mitchell v. Tuesday Morning, Inc.*, 6:10-CV-1913-ORL-22, 2011 WL 2516239 (M.D. Fla. Apr. 26, 2011) *report and recommendation adopted,* 6:10-CV-1913-ORL-22, 2011 WL 2462706 (M.D. Fla. June 21, 2011) (citing *Roe,* 613 F.3d at 1061–62). "A district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Roe,* 613 F.3d at 1062. Taking Plaintiff's allegations at face value, and applying common sense, the amount in controversy clearly exceeds $75,000.00.

Even if the amount in controversy were not facially apparent in the Complaint, Defendants have provided sufficient evidence to meet their burden. Plaintiff admitted in discovery that "Defendants only offered $35,000.00 to settle this case and Plaintiff believes it has

---

to removal. (Doc. 9-1).

a value in excess of $75,000.00" (Doc. 1-1 at 34). In response to Defendant's interrogatory no. 7, requesting a list of expenses incurred as a result of the accident, Plaintiff listed $113,562.40 in expenses. (Doc. 1-1 at 39-40). Considering that this amount does not include Plaintiff's future medical expenses, loss of income, pain and suffering, or any damages related to loss of earning capacity, Defendants have established, by a preponderance of the evidence, that federal jurisdiction is warranted.

Plaintiff's position appears to be that Defendants failed to meet their burden because (1) the ad damnum clause in the Complaint only sought "damages exceeding $15,000"—the state court jurisdictional threshold; or (2) the Defendants think the case is worth less than $75,000.00. Both arguments are frivolous.

The latter claim merits little discussion, other than to note that defendants cannot be judicially estopped by their assertions in the process of defending, or attempting to settle the case. *See* 14AA Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3702.1 (4th ed.).

Plaintiff's focus on the ad damnum clause is similarly misplaced in light of the evidence presented by Defendants. It is well established that defendants may rely on admissions and interrogatory responses to establish the amount in controversy. 28 U.S.C. § 1446(c)(3)(A). *See also, e.g., Logsdon v. Duron, Inc.*, No. 3:05-cv-243J-16HTS, 2005 WL 1163095 (M.D. Fla. May 17, 2005); *Del Rio v. Scottsdale Ins. Co.,* No. 6:05-cv-1429-ORL-19JGG, 2005 WL 3093434 (M.D. Fla. Nov. 18, 2005). Plaintiff cannot negate this evidence by claiming that her admission regarding the value of this case is "mere speculation," or that "the gross amount of Plaintiff's medical bills is arguably speculative due to the true amount Plaintiff would be responsible for after set-offs and write-offs." (Doc. 11, ¶¶ 8-10). Even assuming that Plaintiff's $113,562.40 in

medical expenses may ultimately be subject to some undetermined "set-offs and write-offs," she also seeks unspecified damages for "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, . . . loss of earnings, loss of ability to earn money, and/or aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future." Plaintiff's attempt to downplay these claims is disingenuous at best. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002) ("This court has expressed its concern about the possibility of abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." (quotation and citation omitted)).

Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand (Doc. 11) is **DENIED**. Plaintiff is **ORDERED TO SHOW CAUSE** in writing by no later than January 28, 2013, why sanctions should not be imposed for filing a frivolous motion. The Clerk is directed to remove Defendant Brand Trucking from the case in light of the documents filed at Doc. 9.

**DONE** and **ORDERED** in Orlando, Florida on January 10, 2013.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties