# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KAREN D. GEHL,**

      **Plaintiff,**

**v.**                                                         **Case No: 6:12-cv-1869-Orl-31DAB**

**DIRECT TRANSPORT, LTD. and**
**WARREN W. LYMAN,**

      **Defendants.**

## ORDER

This cause comes before the Court on a response to an order to show cause (Doc. 17) filed by Plaintiff, Karen Gehl.

**I.**     **Background**

This is a simple tort suit arising out of a car accident between Plaintiff and Defendants. It was removed from state court on December 14, 2012 pursuant to 28 U.S.C. § 1332. Removal was premised on Plaintiff's admission that the case "has a value in excess of $75,000.00," and her list of medical expenses which totaled $113,562.40.

On December 27, 2012, Plaintiff filed a motion to remand (Doc. 11) arguing that Defendants had not met their burden of establishing the jurisdictional amount because, (1) Defendants offered to settle the case for only $35,000.00, (2) Plaintiff's admission regarding the value of the case is "mere speculation," and (3) that the gross amount of the medical bills "is arguably speculative due to the true amount Plaintiff would be responsible for after set-offs and write-offs." (*See* Doc. 16 at 4). An Order to show cause (Doc. 16) was issued *sua sponte* on

January 10, 2013, in light of these arguably frivolous arguments (Doc. 11). Plaintiff responded on January 28, 2013 (Doc. 17).

**II.    Standards**

Rule 11(b) of the Federal Rules of Civil Procedure states that,

> By presenting to the court a pleading, written motion, or other paper, ... an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: ...
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

The purpose of sanctions under Fed R. Civ. P. 11 is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Massengale v. Ray,* 267 F.3d 1298, 1302 (11th Cir .2001). In considering a motion for sanctions a court generally conducts a two-step inquiry: (1) whether the party's claims are objectively frivolous in view of the facts or law; and (2) whether the person who signed the pleadings should have been aware that they were frivolous, in other words, whether he would have been aware had he made a reasonable inquiry. *Byrne v. Nezhat,* 261 F.3d 1075, 1105 (11th Cir.2001); *Worldwide Primates, Inc. v. McGreal,* 87 F.3d 1252, 1254 (11th Cir. 1996). When sanctions are initiation *sua sponte*, a higher standard applies such that a court should not impose sanctions unless an offender's conduct is "akin to contempt." *Kaplan v. Daimlerchrysler, A. G.,* 331 F.3d 1251, 1255 (11th Cir. 2003); *see also Hodge v. Orlando Util. Comm'n,* 2010 WL 376019, *3 (M.D. Fla. Jan.25, 2010). As this Court noted in *Hodge*, the Eleventh Circuit has not elaborated on the "akin to contempt" standard, nor has it

addressed whether this requires subjective bad faith. *See Hodge*, 2010 WL 376019; *McDonald v. Emory Healthcare Eye Center*, 391 F. App'x 851, 852 (11th Cir. 2010).

It is clear, however, that "[m]ere negligence or ignorance of the facts or law, without more, is not sufficient." *Id.* (citing *Schwartz v. Million Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003); *Barber v. Miller,* 146 F.3d 707, 711 (9th Cir. 1998)). "On the other hand, making a knowingly false statement or exhibiting deliberate indifference to obvious facts is akin to contempt and warrants *sua sponte* Rule 11 sanctions." *Riccard,* 307 F.3d at 1294; *Bernal v. All Am. Inv. Realty, Inc.,* 479 F.Supp.2d 1291, 1329–30 (S.D. Fla. 2007)); *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC*, 3:10-CV-978-J-37JBT, 2011 WL 7030963 (M.D. Fla. Nov. 10, 2011) *report and recommendation adopted,* 3:10-CV-978-J-37JBT, 2012 WL 115585 (M.D. Fla. Jan. 14, 2012).

**III. Analysis**

For an argument to be "frivolous," it must have no basis in law or fact. Rule 11 was not intended "to chill innovative theories and vigorous advocacy that bring about vital and positive changes in the law [,]"*Donaldson v. Clark,* 819 F.2d 1551, 1561 (11th Cir.1987) (en banc), "[b]ut when parties attempt to pursue civil litigation with legal theories apparently foreclosed by statute and precedent, they must do so with candor toward the court and a sense of whether their argument is appropriate and reasonable." *U.S. v. Milam,* 855 F.2d 739, 744 (11th Cir.1988); *see also Fox v. Acadia State Bank*, 937 F.2d 1566, 1569-70 (11th Cir. 1991).

There are two questionable arguments in the Motion to remand, (1) the set-offs argument, and (2) the Defendants' settlement offer.[1] Both arguments are almost entirely foreclosed by

---

[1] Plaintiff's argument that the ad damnum clause in the state court complaint trumps Plaintiff's interrogatory response is similarly misplaced. In response to an interrogatory requesting that Plaintiff admit she is seeking damages in excess of $75,000, Plaintiff responded that

precedent. It is axiomatic that the amount in controversy is determined at the time of removal. *See Wright and* Miller, 14AA Fed. Prac. & Proc. Juris. §§ 3702.1, *et. seq*. (4th ed.). Applying this maxim, case law instructs that any post-judgment 'set-offs' or collateral source payments are irrelevant to determine the amount in controversy at the jurisdictional stage. *Black v. State Farm Mut. Auto. Ins. Co.*, 10-80996-CIV, 2010 WL 4340281 (S.D. Fla. Oct. 22, 2010); *Stramiello v. Petsmart*, No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010) ((finding set off for insurance reimbursement of medical expenses did not defeat amount in controversy). Plaintiff's counsel points to a single sentence in *Stramiello* as evidence that their argument was not frivolous, ". . . there is little, if any, case law regarding the relationship between a case's amount in controversy and collateral source payments, courts are to take into account other reductions when determining a case's amount in controversy . . . ." 2010 WL 2136550 at *2. The Court went on to note however,

> The Stramiellos' argument is without merit, because it fails to account for the fact that the Court must look to the amount in controversy at the time of removal. It is well settled that a plaintiff cannot defeat subject matter jurisdiction by reducing his or her claim after removal has taken place. *See Freeport–McMoran, Inc., v. KN Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (noting the Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); *Poore v. American–Amicable Life Ins. Co.,* 218 F.3d 1287, 1289–1290 (11th Cir.2000). It therefore logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages.

*Stramiello,* 2010 WL 2136550 at *4. Even if "set-offs" or collateral source payments were relevant in determining the amount in controversy, the Motion points to no such payments.

---

"Defendants only offered $35,000.00 to settle this case and Plaintiff believes it has a value in excess of $75,000.00." As noted in the Order denying remand, "[i]t is well established that defendants may rely on admissions and interrogatory responses . . ." (Doc. 16 at 4).

- 4 -

Case law is similarly clear with respect to settlement offers. A *plaintiff's* settlement demand or a *plaintiff's* response to a settlement offer is some evidence of the amount in controversy. *A.W. ex rel. Willis v. Wal-Mart Stores E., LP*, 6:12-CV-1166-ORL-36, 2012 WL 5416530 (M.D. Fla. Oct. 5, 2012) *report and recommendation adopted,* 6:12-CV-1166-ORL-36, 2012 WL 5416519 (M.D. Fla. Nov. 6, 2012); *Middleton v. State Farm Mut. Auto Ins. Co.,* No. 3:11-cv-1052-J-37JBT (M.D. Fla. Jan. 25, 2012); *Mick v. DeVilbiss Air Power Co.,* No. 6:10–CV–1390–0rl–28GJK, 2010 WL 5140849, at *1–2 (M.D. Fla. Dec. 14, 2010) ("The demand letter filed one year after Plaintiff's injury contains sufficient facts to evaluate Plaintiff's demand that Defendant pay $175,000 to settle the claim. The letter is evidence of Plaintiff's view of the amount in controversy, and that view is relevant in deciding the Motion to Remand"); *Piazza v. Ambassador II JV, L.P.*, 810-CV-1582-T-23EAJ, 2010 WL 2889218 (M.D. Fla. July 21, 2010) (plaintiff demanded $225,000.00 in settlement); *Dutton v. State Farm Mut. Auto. Ins. Co.*, 609-CV-1057-ORL31DAB, 2009 WL 2985685 (M.D. Fla. Sept. 15, 2009) ("as of the date of removal, the only relevant evidence concerning the amount in controversy consisted of Plaintiff's April 6, 2009 settlement offer of $59,000.00"); *Jackson v. Metropolitan Property and Casualty Insurance Co.,* 2009 WL 1456439 (M.D. Fla. 2009) (plaintiff's rejection of a settlement proposal constitutes some evidence that the amount in controversy exceeds $75,000). Plaintiff's counsel cites each of these cases for the proposition that "settlement offers are entitled to some weight," but fails to mention that in every case, the court was discussing a *plaintiff's* settlement demand or a *plaintiff's* *response* to a defendant's offer. This is not a meaningless distinction, nor is it particularly obtuse. Every case on this subject generally instructs that the relevant inquiry is plaintiff focused. Counsel

cites no case, and the Court is aware of none, where a defendant's settlement offer, by itself, was considered relevant evidence to establish the amount in controversy.[2]

It must be concluded, therefore, that Plaintiff's Motion to remand was frivolous, and her response to the Show Cause Order was lacking in candor. However, there is no evidence of bad faith or intentional misrepresentation sufficient to warrant the imposition of sanctions *sua sponte*. Therefore, the Show Cause Order will be discharged.[3]

It is,

**ORDERED** that the Show Cause Order (Doc. 16) is **DISCHARGED**.

**DONE** and **ORDERED** in Orlando, Florida on February 4, 2013.

                                                      _____
                                                      GREGORY A. PRESNELL
                                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Counsel does admit that "few cases have analyzed the effect of a settlement offer by a defendant . . . [but] [s]urely, if a [p]laintiff's demand is properly considered, so should a defendant's offer, as this is 'summary judgment type evidence.' " (Doc. 17). In support of this claim however, counsel cites a single case that stands for a contrary position. *Lutins v. State Farm Mut. Auto Ins. Co.*, No. 3:10-cv-817-j-99MCR, 2010 WL 6790537 at *2 n.3 (M.D. Fla. Nov. 4, 2010) ("it is especially difficult to use a defendant's settlement offer as evidence of a low amount in controversy because such an offer is likely to reflect the fact that the plaintiff may be unable to establish liability.").

[3] Counsel would be well advised in the future to respect its obligation of candor as an officer of this Court.